THE PEOPLE, for use of State Board of Health,

*v.*

JOHN C. McCOY.

*Filed at Ottawa June 16, 1888.*

1. STATE BOARD OF HEALTH—*revoking certificate to practice medicine —power of the board.* Under section 10 of the act of 1877, to regulate the practice of medicine in this State, the State Board of Health had the power to revoke certificates issued to individuals to practice medicine, for the same reasons it might refuse to issue such certificates, viz., for "unprofessional or dishonorable conduct." But the board can not, from mere caprice, or without cause, revoke a certificate fairly issued upon sufficient evidence of the holder's qualifications.

2. SAME—*revocation—for cause only.* The right of the citizen to practice his profession is too important to be taken away from him without

19—125 ILL.

some reasonable cause. It must be for some act or conduct that would, in the common judgment, be deemed "unprofessional or dishonorable."

3. A revocation of such certificate by the State board can not be sustained, when it does not appear, from the record of their proceedings, that such board, from any evidence submitted to it, or otherwise, ever found the holder guilty of any act or conduct that was unprofessional or dishonorable.

4. SAME—*what is unprofessional or dishonorable conduct.* If the holder of a certificate to practice medicine makes statements and promises with reference to the treatment and cure of the sick and afflicted which are calculated to deceive and defraud the public, that will be unprofessional and dishonorable conduct.

5. SAME—*notice—before revocation of certificate.* Whether the right to practice medicine or law is property, in the technical sense, it is a valuable franchise, and one of which a person can not be deprived without an opportunity, by timely notice, to defend against the charges preferred against him.

6. So where a physician having a certificate of the State Board of Health to practice medicine, had a charge made against him of making statements and promises calculated to deceive and defraud the public, of which charge he had no notice, and of which he was never found guilty upon any evidence of its truth, it was *held,* that an order of the board revoking his certificate was unauthorized, and void.

APPEAL from the Criminal Court of Cook county; the Hon. A. N. WATERMAN, Judge, presiding.

Mr. JOHN M. HAMILTON, and Mr. CHARLES C. GILBERT, for the appellant:

That the act under which this prosecution arises is constitutional, see *Williams* v. *People,* 121 Ill. 84; *State* v. *Dent,* 25 W. Va. 1; *West* v. *Cutter,* 37 Ohio St. 347; *State* v. *Medical Examining Board,* 32 Minn. 325; *State* v. *Medical Examiners,* 34 id. 387.

The power to revoke a license for unprofessional or dishonorable conduct, in the State board, is not repugnant to the constitution defining and limiting the powers of the judicial and executive branches of the State government. *People* v. *Dental Examiners,* 110 Ill. 185; *Donahue* v. *Will County,* 100 id. 94; *State ex rel.* v. *Examining Board,* 32 Minn. 325; *State* v. *Dent,* 25 W. Va. 1; *Sheldon* v. *Clarke,* 1 Johns. 513; *Zimmerman* v. *Morrison,* 14 id. 369; *Thompson* v. *Staats,* 15 Wend.

395; *Spaulding* v. *Inhabitants of Alford,* 1 Pick. 33; *Hewitt* v. *Charier,* 16 id. 356; *Wright* v. *Lanctin,* 19 id. 288; *Bibber* v. *Simpson,* 59 Maine, 181; *Antle* v. *State,* 6 Texas, 202; *State* v. *Goldman,* 44 id. 104; *State* v. *Hale,* 15 Mo. 407.

A person can not acquire an absolute vested right, under a license, for any definite period, beyond the control of the police power of the State. *Schwuchow* v. *Chicago,* 68 Ill. 451; *Railroad Co.* v. *Dill,* 22 id. 264; *Railroad Co.* v. *McClelland,* 25 id. 140; *Railroad Co.* v. *Appleby,* 28 id. 283; *State* v. *Gazley,* 5 Ohio, 21.

A license to practice a profession confers no vested right or privilege above legislative control. *Cousins* v. *State,* 50 Ala. 113; *Goldthwaite* v. *City Council,* id. 486; *Simmons* v. *State,* 12 Mo. 268.

The right to practice law is not property, and does not amount to a contract with the State, within the meaning of these constitutional terms. *Cohen* v. *Wright,* 22 Cal. 323; *Calder* v. *Bull,* 3 Dall. 394; *Ex parte Yale,* 24 Cal. 241; *Caskell* v. *State,* 53 Ala. 510; *Sayer's case,* 7 Cow. 367; 4 Johns. 191.

It rests with the legislative power to prescribe the conditions on which any avocation or calling shall be pursued. *Mayer* v. *Yuille,* 3 Ala. 137; 21 La. Ann. 201.

A licensee takes the license subject to all the conditions and restrictions imposed by the law under which the license was issued or granted. *Launder* v. *Chicago,* 111 Ill. 291.

Mr. WILLIAM BROWN, for the appellee:

The board had no jurisdiction of the person of the defendant, and its acts are *coram non judice.* *Campbell* v. *McCahan,* 41 Ill. 45.

The cause of revocation is shown "to be an advertisement, with coarse wood-cuts,"—a publication which the law authorizes. Such can not be either unprofessional or dishonorable, in a legal sense, whereas it must be both to warrant the order.

A mere violation of the ethics of the profession is not sufficient. *State* v. *State Board,* 32 Minn. 324.

The cause appearing, and being insufficient, nothing can be predicated of it, though if the cause was not shown it might be presumed to be sufficient,—showing an insufficient cause rebuts the presumption of sufficiency. *Schirmeier* v. *Baceker,* 20 Bradw. 375; *Osgood* v. *Blackmore,* 59 Ill. 261; *Underwood* v. *Greene,* 42 N. Y. 140.

So much of section 9 of the "Act to regulate the practice of medicine in the State of Illinois," as authorizes the State Board of Health to revoke the certificate of a physician for unprofessional or dishonorable conduct, is unconstitutional and void.

The consideration of facts, and the application of the law to those facts, and the conclusion deduced from those facts, constitute a judgment. This power is confided exclusively to the judiciary. *Hall* v. *Marks,* 34 Ill. 362; *People* v. *Dental Examiners,* 110 id. 180.

To ascertain whether a penalty has been incurred, is a judicial act. *Poppen* v. *Holmes,* 44 Ill. 360.

That this is a judicial question, is definitely determined in *Dental Examiners* v. *People,* 20 Bradw. 457.

The power to deprive of a license or certificate is a judicial power, and can only be exercised by the court for misconduct ascertained and declared by the judgment of the court, after opportunity to be heard has been offered. *Ex parte Garland,* 4 Wall. 333.

Being judicial powers, in so far as the act assumes to give them to this "collection of persons" it is repugnant to article 3 of the constitution, and therefore unconstitutional and void. *Hall* v. *Marks,* 34 Ill. 362; *Galesburg* v. *Hawkinson,* 75 id. 152; *Dodge* v. *Cole,* 97 id. 338.

That the license confers a right, and is not a mere privilege, see *Wert* v. *Cluter,* 37 Ohio St. 347; *Williams* v. *People,* 17 Bradw. 274; *State* v. *Stevens,* 35 Am. Dec. 72; 1 Blackstone's Com. 138; *Gibson* v. *Pulaski County,* 2 Ark. 309; *Cummings'*

*case,* 4 Wall. 277; *Hope* v. *Henderson,* 25 Am. Dec. 691; *In the matter of Cooper,* 22 N. Y. 67; *Braun* v. *Chicago,* 110 Ill. 188; *Ex parte Garland,* 4 Wall. 333.

A party can not be deprived of property or other rights except by judicial decision, after being duly notified, and after reasonable time and opportunity to defend. *Parke* v. *Lewis,* 35 Ill. 421; *Darst* v. *People,* 51 id. 286; *Yates* v. *Milwaukee,* 10 Wall. 497.

Every person charged with an offense has a right to a judicial investigation. *Willis* v. *Legris,* 45 Ill. 289.

It is held in New York, that an act providing for trial at special sessions is unconstitutional, as it deprives the person of trial by jury, as guaranteed by the constitution. *Wynehamer* v. *People,* 13 N. Y. 378.

The constitution protects the rights of persons against revocation by statute, and it is held the legislature can not confer the authority upon any person to deprive one of the right. *Gilmore* v. *Sapp,* 100 Ill. 303.

The revocation clause can not be upheld under the police power. The exercise of the police power is subject to the constitutional restrictions in regard to the rights of persons and property. Such acts are void, unless they are really and in good faith within the necessities of the public protection. *Railway Co.* v. *Jacksonville;* 67 Ill. 37; *Lake View* v. *Cemetery Co.* 70 id. 192; *Yates* v. *Milwaukee,* 10 Wall. 497; *Underwood* v. *Green,* 42 N. Y. 140; *Evarts* v. *Council Bluffs,* 46 Iowa, 46; *Winfield* v. *People,* 14 Mich. 41; *Babcock* v. *Buffalo,* 56 N. Y. 268; *Chicago* v. *Laflin,* 49 Ill. 177; Wood on Nuisances, 773.

Without notice to the appellee, the board had no jurisdiction to revoke his certificate and deprive him of any right. *Eddy* v. *People,* 15 Ill. 386; *Clark* v. *Lewis,* 35 id. 421; *Gilmore* v. *Sapp,* 100 id. 303; *Goudy* v. *Hall,* 30 id. 110; *Johnson* v. *Johnson,* id. 223; *Nesbitt* v. *Trumbo,* 39 id. 116; *Hibbard* v. *Holloway,* 13 Bradw. 101; *Ex parte Garland,* 4 Wall. 333; *Campbell* v. *Campbell,* 63 Ill. 462.

Nothing is presumed in favor of the jurisdiction of inferior courts. *Osgood* v. *Blackmore*, 59 Ill. 261; *Shufeldt* v. *Buckley*, 45 id. 223; *Swearengen* v. *Gulick*, 67 id. 208.

Unless the particular facts necessary to confer jurisdiction appear, they will not be presumed, and the judgment will be void. Freeman on Judgments, sec. 123; *Foster* v. *Glazenor*, 27 Ala. 391; *Thatcher* v. *Powell*, 6 Wheat. 119; *Dunning* v. *Corwin*, 11 Wend. 647; *Adams* v. *Jeffries*, 12 Ohio, 253; *Harny* v. *Tyler*, 2 Wall. 342.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This suit was brought in the Criminal Court of Cook county, under and by virtue of the provisions of section 12 of the act of 1887, to regulate the practice of medicine in this State, in the name of the People, for the use of the State Board of Health, against John C. McCoy, *alias* J. Cresap McCoy, to recover the statutory penalty imposed by that section for practicing medicine without a certificate from the State Board of Health. On the trial the court found the issues for defendant, and rendered judgment against plaintiff for costs.

The court was asked by defendant, at the trial, to hold a great number of propositions to be law applicable to the facts in evidence, which it did. It is only thought to be necessary, however, to notice the twenty-third of the series, in the decision of the case. It is as follows: "The court holds, as a matter of law, that under the law and evidence the judgment in this case should be for defendant."

It is conceded defendant has a certificate, issued to him by the State Board of Health, under which it was lawful for him to practice medicine in this State, but it is contended that certificate has been legally revoked by the State Board of Health, under power conferred upon that board by the tenth section of the act of May 29, 1877, to regulate the practice of medicine in the State of Illinois, and that since such revocation it is unlawful for defendant to practice medicine in this State. As

has been seen, the court before whom the cause was tried found the "issues for defendant." The court held, that under the "law and the evidence" the judgment should be for defendant.

There is one view that may be taken, aside from all other questions discussed, that leads to an affirmance of the judgment. It may be conceded, that under the tenth section of the act of 1877, to regulate the practice of medicine in this State, the State Board of Health had power to revoke certificates issued to individuals to practice medicine, for the same reasons it might refuse to issue such certificates, viz., for "unprofessional or dishonorable conduct." The statute, in this respect, however, must have a reasonable construction. The board can not, from mere caprice, or without cause, revoke a certificate fairly issued upon sufficient evidence of the applicant's qualifications. The right of the citizen to practice his profession, for which he has expended time and money to qualify himself, is too important to be taken away from him without some reasonable cause. It must be for some act or conduct that would, in the common judgment, be deemed "unprofessional" or "dishonorable." There is no evidence in this record that shows, or tends to show, defendant was not a reputable physician, nor does it appear the State Board of Health, from any evidence submitted to it, or otherwise, ever found defendant had been guilty of any act or conduct that was unprofessional or dishonorable. It is recited in the minutes of the board, in evidence, that charges had been preferred against defendant. The specific charge was, that defendant had made "statements and promises with reference to the treatment and cure of the sick and afflicted which are calculated to deceive and defraud the public." It is said he was notified to appear before the board and defend against that charge. The fact of notice is denied. Be that as it may, defendant never appeared, and it does not appear, from anything in this record, that that charge against defendant was ever investigated by the board at the time stated in the alleged notice, or at any other time.

It does appear, from their minutes, the board met to investigate charges against defendant, and it is recited in the record of their proceedings, that "on the 27th day of February an advertisement appeared in the 'News-Democrat,' of Belleville, Illinois, under the caption, 'A surgical triumph,' and announcing that Dr. J. Cresap McCoy, late of Bellevue Hospital, N. Y., had opened an office, for a limited time only, in a building fronting on the public square, Belleville, Illinois. Copy of advertisement submitted to members of the board. Similar advertisements appeared in the St. Louis papers, filled with matter pertaining to J. Cresap McCoy, and his wonderful attainments and success, with coarse wood-cuts of the human body and its members. After due consideration of the evidence, and on default of defense, it was ordered  *  *  *  that certificate No. 6793, issued to Dr. J. Cresap McCoy, be revoked for unprofessional and dishonorable conduct." It will be assumed from the recital, that, "after due consideration of the evidence," it was on account of the "advertisements" submitted to the board that defendant's certificate was revoked. That seems to have been regarded as "unprofessional and dishonorable conduct." So far as the contents of these "advertisements" are given, they are of a very harmless kind; but whether harmless or not, the specific charge against defendant was not for causing these publications. It was for making "statements and promises  *  *  *  calculated to deceive and defraud the public," and it is not perceived how these "advertisements" could tend in the remotest degree to prove that specific charge. Had the board found him guilty of the charge alleged against him,—that defendant had made "statements and promises  *  *  *  calculated to deceive and defraud the public,"— that, indeed, would have been "unprofessional and dishonorable conduct." But the board did not find him guilty of any such conduct, nor does it appear the board ever investigated that particular charge against him, and that was the only specific charge alleged against him.

It is said the State board, in regard to revoking certificates issued to physicians, must investigate, hear and determine certain questions, and to the extent it exercises such powers its functions are judicial. It is therefore claimed that the question whether a physician has been guilty of "unprofessional or dishonorable conduct," is a question of fact, the finding as to which, when submitted to the board, is final and conclusive, and is not open to review by other tribunals. The doctrine contended for finds support in the decision of this court in *People* v. *Dental Examiners*, 110 Ill. 180. Treating the record of the board, in the matter of revoking the certificate that had been issued to defendant, as having the force of a proceeding in its nature judicial on the part of the board in a case where it had jurisdiction of the subject matter to be investigated, yet the present record is fatally defective, for the reason it is made to appear defendant had no notice of the proceedings proposed to be taken against him. The prosecution put defendant on the stand, and made him their own witness, and he distinctly stated, at their instance, that the notice found in the record was never in fact served upon him. The affidavit of service is not sufficient to overcome his testimony in that respect. It is contrary to the analogies of the law, that a proceeding, in its nature judicial, should be obligatory and conclusive upon a person not a party thereto, otherwise a party might be deprived of important rights, with no opportunity to defend against wrongful accusations. Whether the right to practice medicine or law is property, in the technical sense, it is a valuable franchise, and one of which a person ought not to be deprived, without being offered an opportunity, by timely notice, to defend it.

This view of the case renders it unnecessary to discuss the constitutional questions raised on the record.

The judgment will be affirmed.

*Judgment affirmed.*