# CASES

## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF ILLINOIS.

---

DAVID SAUL KLAFTER, Appellant, vs. THE STATE BOARD OF EXAMINERS OF ARCHITECTS et al. Appellees.

*Opinion filed June 18, 1913.*

1. CONSTITUTIONAL LAW—*legislature had power to authorize the examining board to revoke architect's license.* The legislature had power to authorize the State Board of Examiners of Architects to revoke the license of an architect for cause, as the license is not revoked as a punishment, but to protect the public against persons who have become incompetent or unworthy to practice the profession for which they are licensed. (*People* v. *Apfelbaum,* 251 Ill. 18, approved.)

2. SAME—*"due process of law" does not necessarily require judicial proceedings by a court.* The provisions of the act authorizing the State Board of Examiners of Architects to revoke an architect's license are not in violation of the "due process of law" clauses of the State and Federal constitutions, as "due process of law" does not necessarily mean judicial proceedings in some court of competent jurisdiction.

3. SAME—*provision for revoking a license for "gross incompetency or recklessness" not void for uncertainty.* The provision of the statute authorizing the State Board of Examiners of Architects to revoke an architect's license "for gross incompetency or recklessness in the construction of buildings" is not void for uncertainty nor as an unwarranted delegation of discretionary power to the board.

.4. SAME—*revoking of architect's license is not an exercise of judicial power by the State board.* The revoking of an architect's license by the State Board of Examiners of Architects, under the authority of the statute, is not an exercise of judicial power by such board, within the meaning of that term as used in. the provision of the constitution concerning the distribution of the powers of government.

5. SAME—*State board cannot arbitrarily revoke architect's license.* The State Board of Examiners of Architects cannot arbitrarily revoke the license of an architect but the proceedings with reference to notice and a hearing must be in accordance with the statute, and if the discretion of the board is exercised with manifest injustice, the courts have power to interfere.

6. SAME—*section 10 of the act of 1907, concerning architects, is not void.* Section 10 of the act of 1907, authorizing the licensing of architects by the State Board of Examiners of Architects and. the revoking of a license for gross incompetency or recklessness in the construction of buildings or for dishonest practices, is not in violation of either the State or Federal constitution.

APPEAL from the Superior Court of Cook county; the Hon. WILLIAM E. DEVER, Judge, presiding.

LEBOSKY & PLUMB, and W. A. BOWLES, for appellant.

P. J. LUCEY, Attorney General, and CHARLES E. POPE, (HENRY R. BALDWIN, of counsel,) for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a bill filed by appellant in the superior court of Cook county praying for an injunction restraining the State Board of Examiners of Architects from proceeding with his trial upon a citation issued by said board and served upon him, requiring him to appear in open public trial on certain charges on January 24, 1913. An answer was filed, and after a hearing the chancellor dismissed the bill for want of equity, at complainant's costs. The appeal has been brought direct to this court on the ground that constitutional questions are involved.

The bill alleged that appellant had been engaged in the practice of architecture as a profession in Illinois under a license issued to him in 1907 by said board of examiners and yearly renewals thereof; that section 10 of the act providing for the licensing of architects and regulating the practice of architecture as a profession, in force July 1, 1897, as amended, is void, especially that part which provides that "any license so granted may be revoked by unanimous vote of the State Board of Examiners of Architects for gross incompetency or recklessness in the construction of buildings, or for dishonest practices on the part of the holder thereof," etc.   (Hurd's Stat. 1911, p. 87.)

Counsel contend that appellant's right, as a licensed architect, to practice his profession is inherent, protected by the constitutions of this State and of the United States, and that he cannot be deprived of this right except by judicial proceedings in a court of competent jurisdiction; that the State Board of Examiners of Architects under said act is not a judicial body.   They further argue that the above provision of section 10 of the act is void for uncertainty.   Practically every argument urged by counsel on these questions has been passed on adversely to their contentions by this court in *People* v. *Apfelbaum*, 251 Ill. 18, where this court held constitutional a provision of the Medical Practice act authorizing the State Board of Health to refuse or to revoke licenses to practice medicine.   Counsel, however, state that they do not seek to have that opinion overruled, but think it can be fairly distinguished, both on the law and the facts, from the case now under consideration.   We do not agree with them on either of these points.

It is conceded that this court, in *People* v. *Lower*, 251 Ill. 527, has held this statute is not in violation of the State or Federal constitution as to due process of law in requiring an examination and license before one can practice architecture in this State, but it is argued that the authority

259 — 2

to require an examination to obtain a license is entirely different from depriving one of that right after he has been duly licensed; that the latter act is a penalty, and that one cannot be deprived of his right to follow his profession after he has been once duly licensed, other than by a judgment of forfeiture by a judicial tribunal. The right of the State to provide for the general welfare of its people by prescribing such regulations as will secure or tend to secure them against the consequences of ignorance and incapacity, and to that end to exact in many pursuits and professions a certain degree of skill and learning, is upheld by the great weight of authority as an exercise of the police power of the State. (*Dent* v. *West Virginia,* 129 U. S. 114; *People* v. *Evans,* 247 Ill. 547.) This court held in *People* v. *Apfelbaum, supra,* that there was no distinction between granting a license and revoking one already granted; that each was the exercise of the police power; that the object in both cases was to exclude an incompetent or unworthy person from the practice of his profession. (See, also, to the same effect, *State* v. *State Medical Examining Board,* 34 Minn. 387; *Meffert* v. *Packer,* 66 Kan. 710; affirmed in 195 U. S. 625.) A license is not revoked as a punishment, but in the exercise of the State's discretion, under its police power, as to whether the person holding the license is properly qualified to continue in his profession. *Hawker* v. *New York,* 170 U. S. 189.

Appellant's argument that due process of law in revoking a license must necessarily consist of judicial proceedings in a court of competent jurisdiction cannot be sustained. This court said in *People* v. *Apfelbaum, supra,* on page 27: "Due process of law does not necessarily imply judicial proceedings. Orderly proceedings according to established rules which do not violate fundamental right must be observed, but there is no vested right in any particular remedy or form of proceeding. A general law, administered in its regular course according to the form of procedure suitable

and proper to the nature of the case, conformable to the fundamental rules of right and affecting all persons alike, is due process." The authorities in other jurisdictions are in accord with this holding. "Due process is not necessarily judicial process." (*Reetz* v. *Michigan,* 188 U. S. 505.) "Any legal proceeding enforced by public authority, whether sanctioned by age and custom or newly devised, in the discretion of the legislative power, in furtherance of the general public good, which regards and preserves those principles of liberty and justice, must be held to be due process of law." (*Hurtado* v. *California,* 110 U. S. 516.) "Due process of law in each particular case means such an exertion of the powers of government as the settled maxims of law permit and sanction, and under such safeguards for the protection of individual rights as those maxims prescribe for the class of cases to which the one in question belongs." (Cooley's Const. Lim.—7th ed.—506.) "Due process of law" is equivalent to "the law of the land." The purpose of the constitutional requirement as to due process of law is to protect every person in his personal and property rights against the arbitrary action of any person or authority.

A revocation by the State Board of Examiners of Architects of appellant's license would not be the exercise by that body of judicial power. The authority to ascertain facts and apply the law to the facts when ascertained often devolves upon other departments of government than the judiciary. Judgment and discretion are required often of every public official. It would be difficult to draw the precise line separating the judicial from other departments of government. (*France* v. *State,* 57 Ohio St. 1.) No one, so far as we are aware, has ever attempted it. Official duties are, in general, classed under three heads: executive, legislative and judicial. Such classification is not exact, and the duties of many officers cannot be exclusively arranged under any of these three heads. (2 Cooley on

Torts,—3d ed.—752.) Judicial power does not apply to cases where judgment is exercised as incident to the execution of ministerial power. (*Owners of Lands* v. *People,* 113 Ill. 296.) The granting or revocation of a license by a State board similar to the one here in question was held by this court in *People* v. *Apfelbaum, supra,* not to be the exercise of judicial power, as that term is understood in reference to the distribution of the powers of government. See to the same effect, among many other authorities: *People* v. *Board of Dental Examiners,* 110 Ill. 180; *State* v. *State Medical Examining Board, supra; Kettles* v. *People,* 221 Ill. 221; *Douglas* v. *People,* 225 id. 536; *City of Aurora* v. *Schoeberlein,* 230 id. 496; *People* v. *City of Chicago,* 234 id. 416; *Meffert* v. *Packer, supra; Kennedy* v. *State Board,* 145 Mich. 241; *State* v. *Goodier,* 195 Mo. 551; *People* v. *Hasbrouck,* 11 Utah, 291; *Spurgeon* v. *Rhodes,* 78 N. E. Rep. (Ind.) 228; *Bradley* v. *City of Richmond,* 227 U. S. 477.

The further argument is made that the statute is void for uncertainty, in that it does not define what is meant by "gross incompetency or recklessness in the construction of buildings," the portion of the statute on which the charge against appellant was founded. It is most earnestly insisted that such a charge is so uncertain as to be void, as it does not advise him so that he can prepare for his defense. This argument finds support in certain decisions of the California and Kentucky courts. The weight of authority, however, in other jurisdictions is in favor of the validity of statutes with wording similar to the one here in question. (See review of authorities in note to *Hewitt* v. *State Board,* [Cal.] 7 Ann. Cas. 750.) The argument on this point seems to be based partially on the ground that the legislature cannot delegate power to the State Board of Examiners of Architects. We do not think the power to legislate is conferred by this act upon that board. "The true distinction is between delegation of power to make the

law, which involves a discretion as to what the law shall be, and conferring an authority or discretion as to its execution, to be exercised under and in pursuance of the law." (Sutherland on Stat. Const. sec. 68; *People* v. *Grand Trunk Western Railway Co.* 232 Ill. 292; *State* v. *Briggs,* 2 Ann. Cas. (Ore.) 424, and note; *Spiegler* v. *City of Chicago,* 216 Ill. 114.) This court, in *People* v. *Apfelbaum, supra,* construed a statute practically as general in its wording as not void for uncertainty. This court has held that under the City Civil Service law it was not required, in advance, to specify in written rules every case which would be deemed cause for removal. (*Joyce* v. *City of Chicago,* 216 Ill. 466; *Kammann* v. *City of Chicago,* 222 id. 63.) In *People* v. *Board of Dental Examiners, supra,* we held that the meaning of the word "reputable" was not so uncertain as to make the law void; that whether a dental college was reputable was a question of fact to be decided by the board. In *People* v. *McCoy,* 125 Ill. 289, in construing a statute regulating the practice of medicine, it was held that the words "unprofessional or dishonorable conduct" must, be construed to mean some act or conduct that would in the common judgment be deemed unprofessional or dishonorable. Manifestly, the court assumed that those words were not so general as to make the statute void for uncertainty. In *Block* v. *City of Chicago,* 239 Ill. 251, it was argued that an ordinance which provided that the chief of police could prohibit the exhibition of any obscene or immoral picture fixed no standard by which the chief of police could act. The court said (p. 263) : "Manifestly it would be impossible to specify in an ordinance every picture or particular variety of picture which would be considered immoral or obscene, and no definition could be formulated which would afford a better standard than the words of the ordinance." The same reasoning applies to the words "gross incompetency or recklessness in the construction of buildings." These words clearly imply that the license

shall not be revoked for trivial causes. What actions or conduct of an architect will bring him within the meaning of these words must be left to the sound discretion of the State board. It must be some act or conduct that in the common judgment would be considered grossly incompetent or reckless. It is a practical impossibility to set out in a statute, in detail, every act which would justify the revocation of a license. The requirements of the statute can only be stated in general terms and a reasonable discretion reposed in the officials charged with its enforcement. The statute in question is not void for uncertainty.

The action of the board in revoking a license must not be arbitrary. It must be for cause, only, and based upon evidence submitted. (*People* v. *McCoy, supra; People* v. *Apfelbaum, supra.*) The statute here requires twenty days' notice to the holder of the license before it is revoked, as to the character of the charge and the time and place of meeting of the board, and he is also entitled to subpœna witnesses and be heard in person or by counsel. If the charge against the holder of a license, on a hearing such as this, is not sufficiently specific to permit him to prepare properly his defense, it is the duty of the board of examiners, on request of the holder of the license or his counsel, to require the charge to be made more specific. If the discretionary power of the board is exercised with manifest injustice, the courts will interfere when it is clearly shown that the discretion has been abused. *Illinois State Board of Dental Examiners* v. *People,* 123 Ill. 227; *People* v. *Healy,* 230 id. 280.

Appellant further contends that section 10 is unconstitutional in that it gives the State board discretion as to whether a new license shall be issued to one whose license has been revoked. That question is not involved in this case as appellant has no grievance in this respect. Even if in this particular the provision could be regarded as unconstitutional we would not hold the entire act for that reason

void. (*Williams* v. *People,* 121 Ill. 84; *Kettles* v. *People, supra; Brand* v. *Brand,* 252 Ill. 134.) We therefore do not find it necessary to discuss that question.

No reasons have been suggested, and none have occurred to us, which require us to hold that any of the provisions of the statute questioned in this proceeding are in violation of either the State or Federal constitution. The decree of the superior court will therefore be affirmed.

*Decree affirmed.*