People of the State of Illinois, ex rel. Edward Henderson, et al., Plaintiffs-Appellants, v. Hal Redfern, Board of Supervisors of Macoupin County, Illinois and W. J. Payes, Jr., Director of Department of Public Works and Buildings, Defendants. Hal Redfern, Defendant-Appellee.

Gen. No. 10,538.

Fourth District.

April 17, 1964.

Rehearing denied May 8, 1964.

McGrady and Madden, of Gillespie, for appellant.

John W. Russell, of Carlinville, for appellee.

DOVE, P. J.

Upon leave of court and in pursuance of the provisions of the Quo Warranto Act (Ill Rev Stats 1961, c 112), the Circuit Court of Macoupin County, on August 31, 1962, after notice, granted leave to Edward Henderson, L. C. Martin, James P. Gallagher, Fred Raffini and William D. Seymour, to file a complaint in quo warranto, which prayed that defendant, Hal Redfern, show by what authority he is holding the office of County Superintendent of Highways of Macoupin County. In addition to Redfern, the Board of Supervisors of Macoupin County and W. J. Payes, Jr., as Director of the Department of Public Works and

Buildings of the State of Illinois, were named as defendants. This complaint was thereafter dismissed on motion of defendants, and on October 11, 1962, an amended complaint was filed, which, on separate motions of defendants, Board of Supervisors and William J. Payes, Jr., was, on April 7, 1963, dismissed as to these defendants. On March 27, 1963, Redfern filed his separate verified answer to this amended complaint and demanded a jury trial.

On the same day the order was entered dismissing the complaint as to the defendants other than Redfern, the State's Attorney of Macoupin County filed his motion for leave to file an intervening petition in this case. This motion was granted, and on April 29, 1963, this intervening petition was filed, and on May 1, 1963, Redfern filed his answer thereto.

The Record on Appeal (p 75) contains a copy of a letter by the clerk, dated June 30, 1963, advising counsel that "motion to dismiss the amended complaint would be heard on July 18, 1963." Page 76 of the Record is a motion by Redfern to dismiss the second amended complaint because the allegations thereof "do not state a cause of action which can be determined by this court." Pages 80 and 81 of the Record on Appeal show the filing, by leave of court, on June 24, 1963, of a second amendment to complaint, and on pages 77, 78 and 79 of the record appears an answer of defendant, Redfern, to second amended complaint. There is nothing in the record indicating that the letter of the clerk of June 30, 1963, to counsel, the motion by defendant to dismiss second amended complaint, and the answer of defendant to second amended complaint were ever filed.

With the record in this condition, the trial court, on August 12, 1963, entered this judgment order:

"This cause coming on to be heard upon the Motion to Dismiss the 'Second Amendment to

102

Complaint' filed by the plaintiffs and it appearing to the Court that all parties had due notice, and the Court having heard arguments of counsel for plaintiffs and defendant in open Court, and the Court having examined and considered the exhibits and depositions and all pleadings in this case, and now being fully advised in the premises, Doth Find:

"1. Defendant's Motion to Dismiss, in view of the exhibits filed by defendant in his Answer to Complaint of Intervening Plaintiff, should be treated as a paragraph 45 (Civil Practice Act) motion or a motion for summary judgment and it is so treated.

"2. Defendant has shown by what authority he holds the office of County Superintendent of Highways of Macoupin County.

"3. Chapter 121, Paragraph 5-201, Illinois Revised Statutes 1961, sets up the qualifications for the office of County Superintendent of Highways and the procedure for such appointment to said office and said Statute has been complied with by defendant i. e. the exhibits of defendant establish that:

"The defendant's name was submitted by the Board of Supervisors of Macoupin County to the Department of Public Works and Buildings. The Department determined that the defendant met the qualifications of the Statute; the questionnaire submitted by defendant in accordance with the statutory provisions was analyzed by the Department; the Department certified that defendant was eligible for appointment as County Superintendent of Highways of Macoupin County; the Board of Supervisors of Macoupin County passed a resolution appointing defendant County

103

Superintendent of Highways of Macoupin County.

"4. The Legislature delegated to the Department of Public Works and Buildings the determination of the qualification of persons seeking the appointment by the Board of Supervisors to the office of County Superintendent of Highways.

"5. The Statute nowhere provides for a review of the determination of qualifications and experience of applicants and eligibility by the Department and the Department's determination is conclusive; the defendant passed the examination given by the Department.

"6. The Legislature has delegated the determination of like questions to agencies, departments and administrative boards of State government in licensing doctors, lawyers, beauty shops and others. This procedure has previously been approved by the Courts. The Courts cannot control the method of performance of the Department or its final results unless there be statutory provisions for review by the Courts which in this case there are none.

"7. That the issues in this case are with and in favor of the defendant and against the plaintiffs.

"Wherefore, the defendant, Hal Redfern, is not guilty of usurpation of the office of County Superintendent of Highways for Macoupin County as alleged.

"It Is Therefore Ordered, and Adjudged by the Court that defendant's motion is allowed and plaintiff's Complaint and amendments thereto are dismissed and judgment for the defendant in this Quo Warranto action."

In seeking a reversal of this judgment, counsel for appellant contend: (1) that the trial court was without authority to enter this order, inasmuch as the pleadings raised issues of fact, and that sub-par 5 of section 45 of the Practice Act, upon which the judgment order was entered, has no application, and (2) that quo warranto was the appropriate action to determine the eligibility of defendant Redfern to hold the office of County Superintendent of Highways of Macoupin County.

To sustain the judgment appealed from, counsel for appellee insists that the record discloses that appellee applied for the office of Superintendent of Highways for Macoupin County; that his application was approved and certified by the Department of Public Works and Buildings of the State of Illinois; that the legislature delegated the determination of his qualifications to the Department of Public Works and Buildings, and its determination is conclusive, and his qualifications cannot be inquired into in this judicial proceeding. In support of these contentions, counsel cite People v. Apfelbaum, 251 Ill 18, 95 NE 995, and People ex rel. Odell, et al. v. Flaningam, 347 Ill 328, 179 NE 823.

In People v. Apfelbaum, supra, David Apfelbaum sought to reverse a judgment rendered against him for practicing medicine without a license. In affirming the judgment of the Municipal Court of Chicago, the Supreme Court said that under the Medical Practice Act the State Board of Health had authority to issue, and also revoke, a license to practice medicine; that neither the granting nor revocation of such license was the exercise of judicial power; that the possession of the statutory prescribed qualifications of physicians practicing medicine must be ascertained by some authority, and that the legislature had imposed that duty upon the State Board of Health, and in the administration of the law, the State Board

105

of Health necessarily exercises discretion and judgment in determining whether or not an applicant possesses the required qualifications, and to that extent, its action is judicial in character, but it is not the action of a court or action appropriate for a court, but similar in its nature to the acts of assessors in valuing property for taxation; of boards of review in reviewing such valuations; of clerks or sheriffs in approving bonds taken by them; of commissioners of highways in laying out and opening roads; of city councils in granting or revoking licenses to keep dram shops, or of superintendents of schools in granting or revoking teachers' certificates.

People ex rel. Odell, et al. v. Flaningam, supra, was a quo warranto proceeding resulting in a judgment ousting defendant from the office of County Superintendent of Schools of Champaign County. The first count of the information alleged that Flaningam did not, at the time of his election and entry upon the duties of his office, hold a valid county supervisory certificate or a state certificate granted by the State Superintendent of Public Instruction, as required by law, and for that reason was disqualified to hold the office of County Superintendent of Schools. The defendant filed pleas of justification which attacked the validity of certain statutory requirements for eligibility to the office of County Superintendent of Schools. The trial court sustained demurrers to these pleas. In affirming the judgment of ouster, the Supreme Court cited People v. Apfelbaum, 251 Ill 18, 95 NE 995, supra, and in answer to the contention that the legislature had no power to legislate on the subject of the requirements of eligibility to the office of County Superintendent of Schools, and if it had, it could not delegate that power to administrative officers, said (p 333), that the legislature cannot deal with the details of every particular case and that the method

106

or manner of executing a law must be left to the reasonable discretion of administrative officers, and to do so was not a delegation of arbitrary legislative or judicial power. The court then said (p 335), that a plea of justification in quo warranto must allege the existence and performance of all conditions precedent to defendant's right to exercise the privilege of office, and must also show that his right to hold such office continues to the time of filing the information.

The intervening petition in the instant case, filed by the State's Attorney of Macoupin County, alleged that as of August 14, 1962 defendant Redfern has held, and still does hold, the office of County Superintendent of Highways of Macoupin County, Illinois; that a controversy now exists as to whether the said Redfern has any warrant, right or lawful authority to hold said office, and prays that Redfern be required to answer the People of the State of Illinois and to show by what right, warrant and authority he claims to hold the office of County Superintendent of Highways of Macoupin County, Illinois, and if he does not so justify, that he be ousted and expelled from said office by the judgment of this court.

On May 1, 1963, Redfern filed his answer to this complaint, in which he admits that he is holding this office, and admits that there is a controversy as to whether he has lawful authority to hold the office. He denies that he holds the office unlawfully or that he has usurped its duties, and avers that the exhibits attached to his answer show that he holds said office in accordance with the statutes of this state. Exhibit A, attached to his answer, purports to be a copy of the minutes of a meeting of the Road and Bridge Committee of the Board of Supervisors of Macoupin County, held on May 18, 1962, and these minutes reflect that Redfern's application for appointment to the office of Superintendent of Highways was the only

application received by said committee, and that the application was accepted. The second exhibit is a certified copy of a resolution adopted by the Board of Supervisors on June 11, 1962, submitting the name of Hal Redfern to the Department of Public Works and Buildings, as a candidate to take the examination for Superintendent of Highways of Macoupin County. The Department acknowledges the receipt of this resolution, and wrote the Clerk of the Board of Supervisors a letter, a portion of which said:

"The questionnaire submitted by Mr. Hal Redfern, who was certified by the Board of Supervisors of Macoupin County to the Department of Public Works and Buildings for examination for the office of Superintendent of Highways of Macoupin County, has been analyzed by the Department. The candidate meets the requirements of the statutes and is, therefore, eligible to take the examination."

The next exhibit is a copy of a letter from the Department of Public Works and Buildings, advising the Clerk of the Board of Supervisors that on July 2, 1962, Redfern took the examination, that his papers had been graded, and having made a satisfactory grade, the Department accordingly certified the name of Redfern as eligible for appointment. The next exhibit is a certified copy of the resolution of the Board of Supervisors appointing Redfern to the office of County Superintendent of Highways for a term beginning August 14, 1962, and ending August 14, 1968. The final exhibit is a copy of a letter from the Department of Public Works and Buildings, acknowledging the receipt of copies of this resolution.

The questionnaire submitted by defendant to the Department and referred to in its letter to the Clerk of the Board of Supervisors, contained the information to the Department by which it determined that

defendant "have at least one of the following qualifications: (a) have a baccalaureate degree in engineering from a reputable school and at least 2 years experience in civil and highway engineering or in the construction and maintenance of streets or highways, or both; or (b) have had at least 10 years practical experience in civil and highway engineering or in the construction and maintenance of streets or highways, or both, at least 2 years of which shall be administrative experience of a scope comparable to that of the office for which he is a candidate, however, each of the first 3 academic years attendance at a reputable engineering school shall be considered as equivalent to 2 years practical experience in civil and highway engineering or experience in the construction and maintenance of streets or highways." (Ill Rev Stats 1961, c 121, div 2, § 5–201.)

The amended complaint as amended set forth these applicable statutory provisions, and averred that Redfern did not possess any of these required qualifications, and was not qualified when he made his application for this appointment, and that he knew he was not so qualified.

It does not follow from anything that is said or held in either the Apfelbaum or Flaningam cases that the determination of the Department of Public Works and Buildings, in the instant case, to the effect that Redfern was eligible to take an examination for appointment to the office of Superintendent of Highways, must be accepted as conclusive in a proceeding such as this. The law did lodge with the Department of Public Works and Buildings the duty to determine whether Redfern was eligible to take an examination which the statute required the Department to give. This determination was made by the Department by analyzing the questionnaire submitted to it by Redfern, and the pleadings of appellant charge that the information submitted to the Department by Redfern,

relating to his qualifications, was false and known by Redfern to be false. To hold that a county officer cannot be ousted from an office to which he was appointed because, by false information given by him, the administrative agency to which such information was submitted, was induced thereby to determine that he possessed the required statutory qualifications, when in fact he was not so qualified, is not supported by any authority which has been brought to our attention.

In the instant case the power of appointing a County Superintendent of Highways for Macoupin County was vested, by statute, in the County Board of Supervisors. (Ill Rev Stats 1961, c 121, div 2, § 5–201, subpar 2.) The Illinois Highway Code provides that the Department of Public Works and Buildings shall have the power and duty to prescribe rules and regulations, not inconsistent with law, relating to the examination and qualifications of candidates for the office of County Superintendent of Highways, such rules and regulations to be printed and distributed by the Department. (Ill Rev Stats 1961, c 121, div 1, § 4–101.2.) In the event the Board of Supervisors desire to appoint someone other than the incumbent, the Highway Code provides the procedure to be followed, and directs that upon the submission, by the Board of Supervisors, of a list of candidates for appointment to the office of County Superintendent of Highways, the Department shall proceed to determine if each candidate meets either of the statutory qualifications. (Ill Rev Stats 1961, c 121, div 2, § 5–201, subpar 2.)

The record indicates that these statutory provisions were followed and that the questionnaire submitted to the Department by defendant was analyzed by the Department and from it the Department determined that Redfern met the statutory requirements and found him eligible to take its required examination.

This was a determination, by the Department, of a fact, and what the trial court held was that the Department's determination was conclusive.

State ex rel. McIntyre v. McEachern, an Alabama case, reported in 166 So 36, was a quo warranto proceeding challenging the right of defendant to hold the office of Road and Bridge Foreman for Houston County. In that case it appeared that it was the duty of the County Commissioners to determine, before making an appointment, whether the applicant was "an experienced road builder and competent engineer." In its opinion the court said that ". . . Such qualifications have no definite and fixed standard for measurement. They are relative in essence. Persons often differ as to whether one is so qualified. . . ." The court then concluded that when the County Commissioners passed on the qualifications of the appointee, their determination would not be controlled by the courts.

In People ex rel. Beardsley v. Harl, a Colorado case, reported in 109 Colo 223, 124 P2d 233, it appeared that the defendant was appointed State Bank Commissioner, after his name had been certified by the Civil Service Commission as qualified for the office. The complaint alleged that defendant did not have the required five years' experience as a banker, and made a part of the complaint, defendant's application for his appointment. In its opinion the court referred to the application, and stated that ". . . the resolution of the question (by the Civil Service Commission) as to whether Harl had 'five years' experience as a banker' involved a factual and discretionary determination by the commission. . . ." and held that its conclusion would not be reviewed in a subsequent quo warranto proceeding.

■ ■ We recognize that the appointment of a public officer involves the exercise of discretion, which, unless abused, the courts will not attempt to control.

111

In the instant case, the charge is made by the pleadings that defendant was permitted by the Department of Public Works and Buildings to take the required statutory examination by false statements as to his qualifications, made to the Department by defendant. The defendant denies this charge. An issue of fact is therefore presented for determination by a court or jury. What we hold is that with the record disclosing this issue made by the pleadings and undisposed of, it was error to dismiss the proceeding.

The judgment order entered in this cause recites that this cause came on to be heard upon the motion of defendant to dismiss the second amendment to the complaint. The record indicates that no such motion was filed, and if it had been, defendant had filed answers to both the second amended complaint and to the intervening petition of the State's Attorney, and these answers had not been withdrawn. The judgment order makes reference to the answer of the defendant to the intervening petition, and to the exhibits which were a part thereof, and while there is nothing in the record which indicates that any party to this proceeding moved for judgment, either under subpar 5 of section 45 of the summary judgment provision, section 57 of the Practice Act (Ill Rev Stats 1963, c 110, sec 45, subpar 5, and sec 57) the court proceeded to summarily dispose of the case.

Many of the allegations and averments of the complaint and the amended complaint, as amended, were improper or unnecessary in a quo warranto complaint. The defendant, however, treated the charges made in plaintiff's pleadings as requiring an answer, and by his answer, the truth or falsity of the answers of defendant to the questionnaire, which the Department submitted to defendant, were put in issue.

■ ■ The remedy to determine the question whether a person elected to office possesses the requisite qualifications for eligibility is by quo warranto.

(Wagler v. Stoecker, 393 Ill 560, 562, 66 NE2d 408.) Ineligibility or disqualification of the incumbent of an office constitutes a ground for a quo warranto proceeding, and an officer may be ousted in quo warranto proceedings where he does not possess the statutory professional qualifications. (74 CJS Quo Warranto, sec 11; The People ex rel. Phelps v. Kerstein, 413 Ill 333, 336, 339, 108 NE2d 915.)

■ The plaintiff in quo warranto is not required to allege or set out any facts in the complaint showing that the challenged acts are unlawful. It is enough to allege the exercise of the right without lawful authority. All that is material or necessary in such a complaint is the general charge of usurpation. No issues of fact are tendered by the complaint, it simply calls upon the defendant to show by what authority he claims the right to exercise the powers alleged to be usurped. The issues are tendered for the first time by the answer of the defendant, who must either disclaim the office or justify. If he justifies, he must allege and set out facts which show his lawful authority to exercise the right claimed. The burden is on the defendant, when he attempts to justify, to allege and prove facts which justify his acts. (People v. Lewistown School Dist., 388 Ill 78, 86, 57 NE2d 486; Clark v. People ex rel. Crane, 15 Ill 213, 217; The People ex rel. Moran v. Teolis, 20 Ill2d 95, 99, 169 NE2d 232; The People ex rel. King v. North Fork Outlet Drain. Dist., 331 Ill 68, 78, 162 NE 184.)

From a review of this record the only conclusion which can be arrived at is that it was upon defendant's answers to the questions embraced in the Department's questionnaire that led to the Department's determination that Redfern possessed the statutory qualifications required of one to be eligible to take the examination for the appointment to the office of Superintendent of Highways. No copy of this questionnaire, with its questions and defendant's answers,

was attached or made a part of defendant's answer. This was studiously avoided. Under the authorities, however, as this questionnaire was the determinative document upon which the Department made its finding of eligibility, it should have been included in any plea of justification.

The judgment of the Circuit Court of Macoupin County is reversed, and the cause is remanded to that court with directions to permit either party to amend the pleadings, and for further proceedings consistent with this opinion.

Reversed and remanded with directions.

REYNOLDS and WRIGHT, JJ., concur.