May Term, 1840.

THE STATE
v.
CONNER.

---

THE STATE *v.* CONNER and Others.

The board of county commissioners is a Court of record; and its acts, consequently, can only be proved by the record.

If the record of such board do not show that the grand jurors who found an indictment, were selected, &c. according to the provisions of the statute, the indictment will be quashed on motion.

ERROR to the *Floyd* Circuit Court.

DEWEY, J.—This was a prosecution against the keepers of a ferry for extortion commenced at the *April* term, 1837, of the *Floyd* Circuit Court. The defendants moved the Court to quash the indictment; the motion prevailed, and the defendants were discharged. The foundation of the motion was the alleged illegality of the grand jurors who found the bill of indictment. It appears by the facts agreed by the parties, that the only record of the selection and drawing of the grand jurors in question by the board of county commissioners and the clerk, is the following entry made on the order book of the commissioners at the *January* term, 1837, "The clerk drew the names of the grand and petit jurors, for the next *April* term of the *Floyd* Circuit Court, in presence of the board."

We think the objection to the grand jury was well taken, and that the motion to quash the indictment was correctly sustained. The statute prescribes a certain manner of procuring juries, and its requisitions must be complied with to render a jury legal. By the law of 1831, which governs this

Tuesday,
June 2.

case, and which is substantially the same as that of 1838, the boards doing county business are required to cause to be selected from the reputable freeholders or householders, residents of their respective counties, the names of eighteen persons who may be grand jurors, and of twenty-four who may be petit jurors, for each and every term of the Circuit Court during one year from the time of making the selection; and should the terms of the Circuit Court consist of two weeks, then twenty-four names for petit jurors for each week of each term in the year. The names of the persons thus selected are to be written on separate pieces of paper and put into a box kept for that purpose; and the clerk of the Circuit Court is required to draw from the box, in the presence of the board, eighteen names for grand jurors, and twenty-four names for petit jurors when the term of the Court is limited to one week, and when the term extends to two weeks, twenty-four names for each week of every term of the Court for the year next after the drawing; the clerk is also required to mark and designate the names of those persons who shall have been drawn to serve for the given term, and the given week in the term, during the year; and he is further required to make separate panels of the grand and petit jurors, containing the same distinctions, which he is to record in the order book of the Circuit Court. R. C. 1831, pp. 291, 2.—R. S. 1838, pp. 358, 9.

The board doing county business in the county of *Floyd*, when the grand jurors who found the indictment in this case were selected and drawn, was the board of county commissioners. That board for various purposes constitutes a judicial tribunal. Among its powers is that of inflicting fines for contempt of Court; Laws of 1834, p. 62; and, according to *Blackstone*, this power alone constituted it a Court of record. 3 Comm. 25. 'The commissioners are required to keep a seal—one purpose of which is to authenticate copies of the entries of their proceedings. R. C. 1831, p. 131.—R. S. 1838, p. 152. It is, besides, expressly enacted that the clerk of the Circuit Court, who is made *ex officio* the clerk of the board of commissioners, shall keep a record of their proceedings. R. C. 1831, p. 130.—R. S. 1838, p. 151. We conclude, therefore, that the board of county commis-

sioners is a Court of record. Their acts, consequently, can only be proved by the record. The result is, that the record of the board should show the names of the freeholders or householders, selected by them to serve on the grand and petit juries for one year after the selection; and that the list of names drawn from the box by the clerk, designating which are grand and which are petit jurors, and assigning to each term of the Court limited to one week its appropriate panel of grand and petit jurors, and when the terms consist of two weeks, specifying which twenty-four petit jurors are designed for the first, and which for the second week, of every term for the ensuing year, should be recorded. These requisitions of the statute were not observed in the case before us; the indictment was therefore found by an incompetent grand jury, and was correctly quashed (1.)

*Per Curiam.*—The judgment is affirmed.

*W. J. Peaslee*, for the state.

*R. Crawford*, for the defendants.

(1) See Stat. 1841, p. 126.