HANNA *v.* THE BOARD OF COMMISSIONERS OF PUTNAM COUNTY.

COUNTY BOARDS.—APPEALS.—An appeal lies to the Circuit or Common Pleas Court, on behalf of any person aggrieved, from any decision of the board of commissioners.

SAME.—The word "decisions," as used in the statute authorizing such appeals, (1 G. & H., § 31, p. 247,) was construed to extend to all final rulings of the board upon any subject, except those upon which the board is invested with a legislative power, in which class of cases no appeal will lie.

SAME.—POOR FARM.—Where the county had already purchased a farm, and erected suitable and sufficient buildings thereon for the use of the poor, it was held that their legislative discretion of the board to provide an asylum for the poor was exhausted, and that an appeal would lie from an order directing the purchase of another tract of land, remote from the former, for that purpose.

APPEAL from the *Putnam* Common Pleas.

RAY, J.—At a special session, the following order was made by the board of commissioners of *Putnam* county:

"*Ordered*, that *William E. D. Barnett*, *William D. Smyth*, and *Henry W. Daniels* be, and they are hereby, appointed a committee to purchase the *Exchange Bank* safe, provided

that the same can be purchased at reasonable figures; and also land to an amount not exceeding two hundred and fifty acres, provided that the same can be purchased within three miles of the city of *Greencastle*, and provided, also, that the purchase money of said safe and land shall not exceed $15,966 14. Said land to be used for a poor farm, and said safe to be for the use of the county treasurer, and make report in full on *Monday* next, at 11 A. M."

A motion was made by the appellant, a tax payer of said county, before said board, to have said order rescinded and set aside, on the ground that the order was made in view of the fact that the treasurer of the county had deposited the sum of $15,966 14 of county funds in said *Exchange Bank*, and that said bank had failed, and that the sole purpose was to relieve said treasurer, who was one of the committee so appointed, from loss, by receiving from said bank, at an extravagant and unreasonable price, both the safe mentioned in said order and two hundred and fifty acres of land, owned by said bank, when said county already owned a poor farm, with proper buildings erected thereon, amply sufficient for all purposes; that one of the members of the board of commissioners was the father of said treasurer and a surety on his official bond, and that the order could not have been passed except upon his vote therefor.

The motion was overruled, and an appeal taken to the Court of Common Pleas of *Putnam* county, where, on motion, the appeal was dismissed for want of jurisdiction. It is provided by "an act for the relief of the poor," (1 G. & H., § 25, p. 493,) that "it shall be lawful for the board of county commissioners, in the several counties of this State, whenever they may deem it advisable, to purchase a tract of land in the name of their respective counties, and thereon to build, establish and organize an asylum for the poor." This act was approved *June* 9, 1852. By section 31 of the "act providing for the organization of county boards, and prescribing some of their powers and duties," approved *June* 17, 1852, (1 G. & H. 247,) it is declared that

"from all decisions of such commissioners there shall be allowed an appeal to the circuit·or common pleas court by any person aggrieved."

It will be observed that while the act does not, in terms, purport to prescribe all the powers possessed by the board of county commissioners, it does, in express words, authorize an appeal from all decisions they may make. The right of appeal is not limited to the decisions made by virtue of that act, but is expressly extended to all decisions; and when, therefore, jurisdiction already existed, or a new power was conferred by a subsequent statute, unless in the act granting the power an appeal is denied, the decision is subject to review in a higher court. It is true, that in *Allen* v. *Hostetter*, 16 Ind. 15, a different opinion was expressed, but that case was decided upon the authority of *French* v. *Lighty*, 9 Ind. 475. The latter case simply discussed the right of appeal from the circuit to this court in a special proceeding for the contest of an election, and the decision turned upon the language of the law authorizing appeals from the Common Pleas and Circuit Courts to the Supreme Court. The decision in *French* v. *Lighty* may have been very good law, but it furnished no support for the ruling in *Allen* v. *Hostetter*, and we do not agree in the result there reached. Because appeals are only authorized from the Circuit Court to the Supreme Court in civil and criminal cases, and as a contest of an election is neither a civil or criminal proceeding; and there is no appeal, according to the ruling in *French* v. *Lighty*, it does not follow, although it was so assumed in *Allen* v. *Hostetter*, that when a board of county commissioners decide an act of the legislature unconstitutional, no appeal can be taken to the Circuit Court, when such appeal is authorized from all decisions.

The boards of county commissioners are, for certain purposes, judicial tribunals. As such, they have been often recognized, both under the former constitution and the present one. *The State* v. *Conner*, 5 Blackf. 325; *id.* 462; *Rhode* v. *Davis*, 2 Ind. 53; *Board of Commissioners* v. *Wright*,

22 Ind. 187. But they are something more than a court. The law for their organization declares them to be "a body corporate and politic." Powers are conferred upon them, legislative in their nature, and the exercise of these powers involves a law making discretion. From the exercise of these powers no appeal would lie, for no court or jury is authorized to exercise legislative functions. The exercise of such powers is not included in the word "decisions." The language authorizing an appeal is comprehensive, and was undoubtedly intended to include all action of the commissioners not strictly within the limit of the local legislative power conferred by statute. For the purpose of authorizing an appeal, the word "decisions" will be applied to every ruling, final in its nature, upon any subject upon which the board of county commissioners are not authorized to take legislative action. Where they are thus authorized, an appeal will not lie.

We have recognized the right of appeal where the commissioners had authorized the issue of county bonds to pay bounties, but at the time such orders were passed the commissioners had no legislative power conferred by statute to act, and the question presented was as to the power of the legislature to confirm their action.

The question now presented is, whether the commissioners of *Putnam* county had such legislative discretion as authorized them to order the purchase of a farm for the occupancy and benefit of the poor, when a location and building amply sufficient for all their wants was already owned by the county. The law provides for the purchase of a "tract of land" as an asylum for the poor. Does this authorize the purchase of two distinct tracts of land, miles apart, for this purpose? Are two distinct establishments to be put in operation in one county, for the accomplishment of one purpose? and if so, why not three, or, indeed, is there any limit to the exercise of the legislative discretion of the county commissioners? We must conclude that when the board have acted and provided a farm for

the occupancy of the poor of the county, that their legislative power on that subject is exhausted. Their determination is no longer within the line of legislative discretion, but is subject to a review and reversal by the courts.

The Court of Common Pleas should have overruled the motion to dismiss the appeal, and should have determined whether the action of the county commissioners was within the authority confided to them by the statute.

The judgment is reversed, with costs, and the cause remanded for further proceedings.

*J. E. McDonald, A. L. Roache, D. Sheeks, J. Hanna* and *F. Knefler*, for appellant.

*D. E. Williamson* and *A. Daggy*, for appellee.