# IN GENERAL TERM, 1873.

FRANCIS L. FARMAN, Appellant *v.* THE BOARD OF COMMISSIONERS OF MARION COUNTY, ADAM SCOTT AND DAVID NICHOLSON.

APPEAL—*from Board of Commissioners, when may be taken.*

Section 31 of the Act creating Boards of Commissioners, is not to be construed as covering all orders, or entries made by the Board on its Records. An appeal under this section is allowed only from such decisions of the Board as in their nature are *judicial,* and not where they are purely *administrative.*

An appeal does not lie to this Court from an order of the Board of County Commissioners accepting a bid for stone work on the County Court House, taken by a rival, and unsuccessful bidder.

*Gordon, Browne & Lamb,* for appellant.

*Barbour & Jacobs—Hendricks, Hord & Hendricks,* for appellee.

NEWCOMB, J.—The Board of Commissioners of Marion county, having previously determined to build a Court House, on the 6th day of November, 1871, ordered their architect to advertise for sealed proposals, or bids to do the stone work on the Court House, and in obedience to said order the architect gave such notice. On the 2d day of January, 1872, said Commissioners opened the bids and awarded the contract to Scott & Nicholson, who were bidders. Farman was also a bidder, and upon the contract being awarded to Scott & Nicholson, he appealed from said award to this

Court, and made the Board of Commissioners and Scott & Nicholson parties to the appeal. At Special Term the appellees each moved to dismiss the appeal upon the follow-lowing grounds :

1st. Because this Court has no jurisdiction of the subject of the appeal.

2d. Because the appeal shows no cause of action against defendants.

3d. Because said Farman has no interest in the subject of the appeal.

4th. Because no appeal has been taken from the action of Board of Commissioners.

5th. Because the action of the Board of Commissioners was one from which no appeal lies.

The Court entertained the motion, and Farman has appealed to General Term, and asks that the order of dismissal be set aside, and the case tried on its merits.

There are two questions raised by the record :

1st. Does an appeal lie from an order awarding this contract to Scott and Nicholson ?

2d. If an appeal lies, does the record show that Farman had such an interest as to entitle him to take and maintain an appeal. ?

It is claimed that the appeal from the award of the Board of Commissioners is allowed under Sec. 31, of the act creating said Board and defining its powers and duties, which reads as follows :

" From all decisions of such Commissioners there shall be allowed an appeal to the Circuit, or Common Pleas Court, by any person aggrieved; but if such person shall not be a party to the proceedings, such appeal shall not be allowed unless he shall file in the office of the County Auditor his affidavit, setting forth that he has an interest in the matter

decided, and that he is aggrieved by such decision, alleging explicitly his interest."

Farman filed an affidavit before the Board of Commissioners, stating that he had an interest in the matter of letting the contract to Scott & Nicholson, that he had made a bid for the said stone work which was more than nine thousand dollars less than the bid of Scott & Nicholson, while said Board accepted their's and rejected his, and that he was entitled to be awarded the contract, because his was the lowest responsible bid for said work. It is urged by counsel for Farman that the section of the statute above cited is broad enough, and was intended, to cover all orders, or entries made by the Board of Commissioners on its records, whether such orders should be what are technically called Judicial decisions, or the awarding, or making contracts. The counsel for appellees urge that the words "From all decisions of such Commissioners there shall be allowed an appeal," &c., means only from such decisions as in their nature are *judicial*, and does not include such as are purely administrative. We have been referred to the case of *Hanna v. The Board of Commissioners of Putnam county*, 29 *Ind.*, 170, as sustaining the position that appeals lie from all *orders* of the Board, except such as are purely *legislative;* That case was one in which the Board had made an order to purchase a piece of land for a poor farm, the county already having one, and a tax payer appealed from that order, and the Court held that, *although the order was a legislative one,* an appeal would lie because the Board *had no* power *to make* such order, as it had already been *exhausted* by the purchase of a poor farm, and the law did not contemplate the purchase, and maintaining of more than one poor farm by the county. That case is not in point. The order of *Board* to *construct* a Court House, would be similar in principle to the order to buy a poor farm, if the county already

had a suitable Court House, and the Commissioners proposed to build another, and maintain both.    In that case, according to the above decision, an appeal would lie by a taxpayer.

If that case had been an appeal from an order to construct a house, or making other improvements on the poor farm it would have been nearer in principle to this.

If an appeal lies from an order making this contract with Scott & Nicholson, one will also lie from every contract the Commissioners may make in relation to the construction of the Court House, and we can not see why not from every order made for the employment of a party to do the smallest job for the county.    This would virtually place the *administrative* business in the hands of the Courts, instead of the Board of Commissioners, where the law places it.

We think that the word *"legislative,"* as used in the case of *Hanna* v. *The Board of Commissioners, supra,* was used inadvertantly for administrative, and according to that opinion an appeal lies only from administrative orders where the Board of Commissioners has already exhausted its powers on the subject appealed from.

We are therefore of opinion that no appeal lies from the order of the Board of Commissioners in this case, and the Court at Special Term committed no error in dismissing the appeal.

If this appeal can be maintained then it follows, that we must reverse the judgment and send the case back to Special Term with instructions to try it, and if Farman's bid was the lowest, award the contract to him, thus virtually taking the business of the Board of Commissioners into our own hands; or direct them not to contract with Scott & Nicholson on their bid, and leave them to contract with another party, or parties, and on such terms as they may think best; and if any competing contractor is not satisfied he may appeal from that award also.

Farman *v.* The Board of Commissioners of Marion County *et al.*

It cannot be successfully contended that Farman's bid, if the lowest, was a contract, until it was accepted by the Board. Here we are not called upon to specifically execute a contract *already made, but to make one.* If it was already made, is it not of that class which Courts will specifically execute? We do not believe we have the authority on appeal to require the Board to accept one offer in preference to another. This is a matter that must necessarily be left to the discretion of the Commissioners, and for an abuse of that discretion an appeal is not the remedy. We do not desire to be understood as intimating that there is any abuse, as that could only be inquired into on the trial of the merits, and this Court having no such jurisdiction, could make no such inquiry.

The conclusion we have come to on the first proposition renders it unnecessary to dispose of the second.

We will, however, say that we do not think Farman shows in his affidavit such facts as would entitle him to maintain an appeal.

The judgment at Special Term is affirmed.