MAY TERM, 1875.      457

The State, *ex rel.* Wildman, Auditor, *v.* The Comm'rs of Vanderburgh Co.

THE STATE, EX REL. WILDMAN, AUDITOR OF STATE, *v.* THE
   BOARD OF COMMISSIONERS OF VANDERBURGH COUNTY.

JURISDICTION.—*Superior Court.*—*Statute Construed.*—The Superior Court of
   Marion county has no jurisdiction of a suit by the State of Indiana, on the
   relation of the Auditor of State, against the board of commissioners of
   Vanderburgh county for uncollected state taxes, under section 269 of the
   act of December 21st, 1872, Acts 1872, p. 57.

SAME.—The words, "in any court of this State," as used in said statute,
   mean in any court of this State having competent jurisdiction.

From the Marion Superior Court.

*J. C. Denny*, Attorney General, for appellant.

*C. Baker, O. B. Hord, A. W. Hendricks,* and *B. Hynes,* for
appellee.

WORDEN, J.—This was an action brought in the superior
court of Marion county, to recover from the county of Van-
derburgh the amount due the State for taxes imposed by law,
and which should have been, but were not, collected. In the
complaint, it is averred that in the year 1869, the board of
equalization of Vanderburgh county fixed the value of the
real estate in that county at fifteen million four hundred and
ninety-four thousand seven hundred and fifty-five dollars, and
that no other legal and valid appraisement of said property
was made; that in the years 1869, 1870, 1871, and 1872,
deductions were illegally made of six million five hundred
and sixty-one thousand four hundred and sixty dollars each
year from the appraised value by the auditor of said county,
without authority, and that thereby forty-two and thirty-five
one-hundredths per cent. was deducted by said auditor from the
value of said real estate as fixed by said board of equaliza-
tion ; that for the year 1869, the value of the real property of
said county, as fixed by the board for equalizing the real prop-
erty of said county, was fifteen million four hundred and
ninety-four thousand seven hundred and fifty-five dollars, and
that the total amount placed upon the tax duplicate by the
auditor of said county for said year was eight million nine

hundred and thirty-three thousand two hundred and ninety-five dollars; that for the years 1869 and 1870 the tax for state purposes was fifteen cents on each one hundred dollars' worth of property, and the sinking fund tax required by law to be collected was ten cents on each one hundred dollars' worth of property, and sixteen cents on each one hundred dollars' worth of property for school purposes; that for the years 1871 and 1872, the state tax was five cents and school tax sixteen cents on each one hundred dollars; that the total amount due for state, school, and sinking fund tax, for the years 1869, 1870, 1871, and 1872, is ninety thousand dollars.

There was judgment for the defendant on a demurrer assigning for cause, that the court had no jurisdiction of the defendant. This judgment was affirmed at general term.

The only question raised here is that of jurisdiction.

The action was brought under the following statutory provision, in Acts of 1872, pp. 57, 122, on the subject of the assessment and collection of taxes:

"Sec. 269. Whenever it shall come to the knowledge of the Auditor of State that any county, township, city or town, or any well-defined locality thereof, or any particular class of property therein, has heretofore been or may hereafter be released, from any cause whatever, from its just and lawful proportion of state taxes, said auditor shall cause suit to be commenced in an action of debt, in the name of the State of Indiana, either against the municipality or against the property unjustly released from taxation, or the owners thereof, for the amount of such tax, in any court of this State, and when judgment may be recovered in any such cause the auditor shall levy a rate of tax on the equalized valuation of all property or particular class of property in such county, township, city, town or locality, as the case may be, as will pay the State the amount of such judgment and costs; and it shall be the duty of the county auditor of the proper county to extend such rates of tax with the state tax of the year directed in the auditor's certificate. Any county auditor neglecting or refus-

ing to extend such rate, as certified to him by the Auditor of State, shall be removed from his office, and in addition thereto shall be subject to a fine of five thousand dollars, and damages caused by such neglect or refusal, to be sued by the Auditor of State, in an action of debt, in the name of the State of Indiana, in any court of this State : Provided, that in cases where the auditor and proper local authorities of the proper municipality can arrange to make such levy to reimburse the State in such cases, without suit, the Auditor of State is hereby authorized to pursue such course."

The question arises whether, under the statute, Vanderburgh county can be sued in the Marion Superior Court.

By the general law, the suit could have been brought in Vanderburgh county only. 2 G. & H. 56, Art. 3.

By the sections of the statute above set out, the action therein provided for may be brought " in any court of this State." If this language is to receive a literal interpretation, it will lead to results that we think were not contemplated by the legislature. Not only may a county be sued in any other county, but so may a city or town be sued in any other county, if an action can be brought at all against a city or town as provided for in the section. Not only so, but an action may be brought against the property unjustly released from taxation, or the owner thereof, in any other county than that in which the property is situate, or in which the owner resides, at the option of the Auditor of State. Not this alone, but the Auditor of State may proceed in any county of the State that he may choose, to collect the five-thousand-dollar fine from the county auditor for failing to discharge the duty imposed upon him by the section.

This much in reference to locality. The phrase, " any court of this State," is comprehensive. It includes courts of justices of the peace, for they are courts of record. *Hooker* v. *The State*, 7 Blackf. 272. It includes courts of county commissioners, for they also are courts of record. *The State* v. *Conner*, 5 Blackf. 325. It included the court of common pleas, then in existence, the circuit courts, criminal courts, superior courts

and Supreme Court of the State. It is quite clear that the legislature never intended that such actions should be brought in the criminal courts or the Supreme Court. Yet the language employed in the statute is broad enough to include them. It is quite as clear that it was not intended that an action might be brought before the board of commissioners, or a justice of the peace, of one county, to recover the penalty and damages provided for from the auditor of another county. Yet the literal terms of the statute would authorize such action.

We do not think the legislsture intended any such results, or to work so wide a departure from the general judicial system of the State. We must therefore seek some other than a literal interpretation of the language employed. And we think the legislature, by the phrase "in any court of this State," meant nothing more nor less than if they had said "in any court of this State having competent jurisdiction." This construction will harmonize with the general law of the State, and carry out what we are justified in concluding was the intention of the legislature.

Jurisdiction has reference to parties, as well as subject-matter, and, with the interpretation which we give the statute, the Marion Superior Court had no jurisdiction of the defendant.

The judgment below is affirmed, with costs.