Donahue, J.
It appears from the record in this case, and the briefs and argument of counsel, that the judgment of the court of appeals dismissing the petition in error was based solely upon the conclusion reached by that court that it had no jurisdiction to review the judgment of the mayor of Cleveland, for the reason that the mayor’s court is not a court of record.
Section 6 of Article IV of the Constitution provides among other things that the court of appeals shall have jurisdiction “to review, affirm, modify or reverse the judgments of the courts of common pleas, superior courts and other courts of record within the district as may 'be provided by law.”
If, therefore, the mayor’s court is not a court of record, the general assembly could not confer upon the court of appeals jurisdiction to review, affirm, modify or reverse the mayor’s decision in this case. The Cincinnati Polyclinic v. Balch, 92 Ohio St., 415.
In view of the conflicting decisions upon the subject, it is not easy to define a court of record. Chief Justice Holt defined a court of record as a court *208 having authority to fine and imprison. (Groenvelt v. Burwell, Salk., 200.) To this definition Blackstone added the requirement that the proceedings of a court of record must be enrolled as a perpetual memorial.
In the case of The Thomas Fletcher, 24 Fed. Rep., 481, 482, the court defined a court of record as “a court where the acts and proceedings are enrolled in parchment for a perpetual memorial and testimony.”
A great many other courts have adopted the same definition, some adding the requirement that a court of record must have a seal. (Ingoldsby v. Juan, 12 Cal., 564, 580.) Still others have held that a court of record is one having power to fine for contempt. State v. Conner, 5 Blackf., 325.
In the case of Adair’s Admr. v. Rogers’s Admr., Wright, 428, a court of record is defined as “One, the history of whose proceedings is perpetuated in writing,” and applying this definition to the question then before this court it was held that “justices of the peace are required to keep a docket, in which they shall make fair and accurate entries of all suits before them, with their proceedings thereon,” that the “docket is a public book and goes to the successor of the justice” and that “their courts are courts of record.”
In the case of Silver Lake Bank v. A. and S. Harding, 5 Ohio, 546, it was held that a justice of the peace court in Pennsylvania is not a court of record within the provisions of the constitution and laws of the United States. In discussing this question in the opinion, it is said: “A justice’s court in *209 Pennsylvania is not a court of record, a docket and short minutes of his proceedings are all that is kept by the justice, such as is kept by our justices of their proceedings.” This conclusion appears to be based upon a construction of the act of congress passed in May, 1790, prescribing the manner in which public acts, records and judicial proceedings of the several states shall be proved or admitted in evidence in courts of any other state. This act requires the attestation of the clerk, and seal of the court annexed, if there be a seal, together with the certificate of the judge, chief justice, or presiding magistrate that the attestation is in due form. The justice’s court cannot authenticate its records as required by this act; nevertheless this court held in Bank v. Harding, supra, that the judgments of justices’ courts, duly proved, come fairly within the provisions requiring full faith and credit to be given in each state to the public acts, records and judicial proceedings of every other state. No reference is made in the Harding case to the case of Adair’s Admr. v. Rogers’s Admr., supra, yet, from the reasoning of the court, it would appear that the cases are in conflict.
The case of Silver Lake Bank v. Harding, supra, is cited with approval in the case of Stockwell v. Coleman, 10 Ohio St., 34, in support of the proposition that “a judgment of a justice of the peace is a judicial proceeding to which the constitution requires full faith and credit to be given.” No attempt is made in this later case to define a court of record, but in the opinion it is stated that the *210 courts of justices of the peace in the state of Indiana are not courts of record, yet the judgments of such courts are entitled to full faith and credit in other states.
In the case of Hooker v. State, 7 Blackf., 272, it was held by the supreme court of Indiana: “A court that is bound to keep a record of its proceedings, and that may fine or imprison, is a Court of record.. 3 Blacks. Comm. 24. A justice’s Court is within that definition.”
The same holding has been announced in the states of Delaware, Vermont, and in some others. There are, however, a number of decisions to the contrary by courts of last resort in other states.
In the case of Wheaton v. Fellows, 23 Wend., 375, it was held that a justice’s court may be considered a court of record for some purposes.
. The only possibility of reconciling these conflicting decisions is upon the theory of classification made by Sir Matthew Hale, (Hale’s. Analysis of the Law, 27), in which he divides courts of records into three classes: 1. Supreme. 2. Superior. 3. Inferior.
The distinction between inferior courts of record and inferior courts not of record seems to be that' the one has authority to fine and imprison for contempt, and the other has no such power.
In the case at bar, the charter of the city of Cleveland was not introduced in evidence. This charter, however, has been considered by this court in the case of State, ex rel. Linden, v. Davis, Mayor, post, 301, subsequently submitted, and in this later case this court has held that by the ex *211 press provisions of the charter itself the mayor of the city of Cleveland has all the statutory power and authority of mayors in cities of the state not having a charter.
Section 4548, General Code, provides that the mayors of cities and villages “within the limits thereof shall have the jurisdiction and powers of a justice of the peace in civil cases, and his proceedings therein may be reviewed in the same manner. He shall have the jurisdiction in criminal cases herein provided.”
Section 4550, General Code, provides that the mayor “shall keep a docket.”
Section 4551 provides that “appeals may be taken from the decision of the mayor in civil cases.”
It is further provided by statute, that the mayor in cities not having a police court, and in villages, shall have final jurisdiction to hear and determine cases prosecuted for the violation of an ordinance of the corporation, unless imprisonment is prescribed as a part of the punishment, and where imprisonment is prescribed as a part of the punishment, the council may provide by ordinance for the summoning and impaneling of a jury by the mayor, to try and determine the guilt or innocence of the accused, and in felonies and other criminal proceedings, not specifically provided for by statute, such mayor shall have such jurisdiction and power throughout the county concurrent with justices of the peace. The mayor is also provided with an official seal, and required to affix this seal to all writs, processes, transcripts and other official papers, and is authorized to punish contempt and compel at *212 tendance of jurors and attorneys. While some of these provisions do not apply to the mayors of cities having a police court, nevertheless they should be considered in connection with the provisions of the statutes relating to the mayors of all cities and villages for the purpose of determining the character of the mayor’s court. From these statutory provisions, it would appear that it is a court required to keep a record in which its proceedings are perpetuated in writing; that this record is a public record that goes to the mayor’s successors in office; that it has jurisdiction to fine and imprison and to punish for contempt of court.
It would therefore seem to meet not only the definition given by Sir Matthew Hale of inferior courts of record, but also seems to meet every other definition of courts of record given by any of the courts of England or the United States.
Aside from these considerations, however, the legislation relating to the particular question presented by the record in this case is so definite as to eliminate all uncertainties.
Section 6142, General Code, confers jurisdiction upon the mayor of a municipal corporation to hear and determine the sufficiency of the petitions filed with him in pursuance of that section, and Section 6152 specifically authorizes and requires the mayor to make .a record on his docket. This statute obviates the necessity of any technical classification of the mayor’s court, by providing in terms the constitutional requirements necessary to a review by the court of appeals of the mayor’s finding and judgment.
*213 The court of appeals therefore erred in dismissing this petition in error for this reason. But that error does not necessarily require a reversal of the judgment, if the court of appeals should have sustained the motion of defendant in error to dismiss the petition in error for the reason that the plaintiff in error had not complied with Section 12263, General Code, requiring him to file either a transcript of the final record, or a transcript of the docket or journal entries, with such original papers or a transcript thereof, as are required to exhibit the error complained of.
The plaintiff in error did file with his petition in error a bill of exceptions, and all the original papers in the case, but a transcript was not filed because the mayor, acting upon the advice of the law department of Cleveland, believed he had no right to make such record or to certify such transcript. Mandamus proceedings were instituted by the plaintiff in error to secure the transcript. It was secured and filed before the hearing of the case. .
If under the statute authorizing this proceeding in error it is necessary to file such transcript with the petition in error at the time the petition in error is filed, the refusal of the mayor to deliver such transcript upon demand and tender of fees therefor would be sufficient excuse for not filing the same, provided the plaintiff in error promptly brought and diligently prosecuted an action in mandamus to compel the making and delivery of such transcript.
The motion also asks the court to dismiss the proceedings in error for the further reason that plain *214 tiff in error did not furnish security for cost before filing petition in error, as required by Section 6166, General Code. Counsel evidently did not rely upon this branch of the motion, for no reference is made to it in the briefs. It appears from the transcript of the docket and journal entries in the court of appeals that security for cost was furnished shortly after the petition in error was filed, and many days before the motion was made to dismiss.
The judgment of the court of appeals is reversed, and the cause remanded to that court with directions to overrule the motion to dismiss, and for further proceedings according to law.

Judgment reversed.

Nichols, C. J., Wanamaker, Newman, Jones, Matthias and Johnson, JJ., concur.