STATE OF INDIANA, EX REL. v. BOARD OF COMMIS-
SIONERS ET AL.

[No. 24,768.   Filed June 10, 1925.]

1.  HIGHWAYS.—*Under §8388 Burns 1926, §7719 Burns' Supp. 1921, a highway improvement cannot be ordered "established" until after those objecting to it have been given an opportunity to remonstrate and after board of commissioners has approved report of viewers favoring improvement.*—Under §8388 Burns 1926, §7719 Burns' Supp. 1921, Acts 1915 p. 644, §2, it is only after the freeholders and voters of the township have been given an opportunity to remonstrate against a proposed highway improvement, and after the board of commissioners shall have approved and adopted a report by the viewers and engineer that the improvement will be of public utility, fixing the width of the highway and the character of the improvement, that the board of commissioners has power to render a judgment "establishing" the improvement.   p. 286.

2.  HIGHWAYS.—*Judgment "establishing" an improvement, as used in §7725a Burns' Supp. 1921, means legal establishment pursuant to provisions of §8388 Burns 1926, §7719 Burns' Supp. 1921, when road improved under "three mile road law."*—That part of §1 of the act of 1915 (Acts 1915 p. 644, §7725a Burns' Supp. 1921), limiting the amount of highway improvement bonds which may be issued in any township which provides that "such bonds shall be issued in the order in which the judgments establishing the respective roads are rendered" must be construed to mean, as to roads constructed under the "three mile road law" (§8388 Burns et seq. Burns 1926, §7719 Burns' Supp. 1921), roads legally established after those op-

posed to the improvement have had an opportunity to remonstrate and the board of commissioners has adopted a report of the viewers favoring the improvement. p. 286.

3. MANDAMUS.—*Will not lie to compel board of county commissioners to set aside order establishing highway improvement in preference to one previously petitioned for.*—Mandamus will not lie to compel a board of county commissioners to set aside an order establishing a highway improvement in preference to one previously petitioned for where it is not shown that the board was without jurisdiction to make such order, the proper remedy being by appeal therefrom. p. 288.

4. HIGHWAYS.—*Jurisdiction of two highway improvements not lost because of increase in cost of road building so that a bond issue for the improvements would exceed "debt limit" of township.*—Where, at the time two road improvements were petitioned for, the board of commissioners was authorized, under the provisions of §7725a Burns' Supp. 1921, Acts 1915 p. 644, §2, to issue bonds for both improvements, the board did not lose jurisdiction of such improvements merely because the cost of road building increased while the proceedings were pending so that a bond issue for both improvements would exceed the "debt limit" of the township prescribed by that section. p. 288.

5. HIGHWAYS.—*Remedy for erroneous decision of board of commissioners in highway proceedings is by appeal and not mandamus.*—Where a board of commissioners, having jurisdiction of two petitions for road improvements, made an erroneous decision in ordering the road last petitioned for improved first, or was guilty of any irregularity not justified by the facts, the remedy was by appeal to the circuit court. p. 288.

6. MANDAMUS.—*Will not lie to compel a court to act in disregard of judgment rendered in matter of which it had jurisdiction.*—Mandamus will not lie to compel a court to act in disregard of a judgment rendered by it in a matter of which it had jurisdiction merely because of errors it has committed. p. 288.

From Dubois Circuit Court; *John F. Dillon*, Judge.

Action in mandate on the relation of George F. Schulte against the Board of Commissioners of Dubois county and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Leo H. Fisher*, for appellant.
*W. E. Cox*, for appellees.

EWBANK, J.—Relator petitioned for a judgment of mandamus to compel the entry of an order by the board of commissioners of Dubois county setting aside and revoking certain orders by which a proceeding on the petition of the relator, George F. Schulte, and others, for the construction of a free highway improvement less than three miles long in Cass township of said county, to be paid for by taxation, had been and was being continued from term to term, and further to compel said board to advertise for bids for the construction of said road, and to sell bonds and take the steps necessary to secure the early construction and completion of such improvement.

Overruling the motion for a new trial is assigned as error, the only specifications being that the decision refusing to grant any relief was not sustained by sufficient evidence and was contrary to law. Most of the evidence consisted of the record of proceedings before the defendant board, and there was little conflict in any of it. It fairly tended to prove that early in the morning, on March 8, 1920, relator and sixty-four others filed with the board of commissioners a petition reciting that they were freeholders and voters of said Cass township, and praying that a certain highway a little less than three miles long in that township should be improved by grading, draining, and paving with stone, gravel or other material; that afterward, but before nine o'clock on the morning of the same day, A. H. Mauntel and sixty-three others filed a petition reciting that they were freeholders and voters of Cass township, and asking for the like improvement of another road about two and a half miles long; that an unofficial estimate showed the cost of both roads to be less than the amount for which bonds of the township could lawfully be issued; that the auditor and commissioners at the time believed the amount of bonds which the county

had power to issue, within its "debt limit," would pay for improving both roads; that some stone roads had recently been built in the county for $7,000 per mile; that, after due notice, the board, at the opening of its next session, entered a finding in each matter that the township had power within the limit fixed by statute to issue bonds sufficient to pay for the construction of the road petitioned for in each case, and ordered each petition referred to an engineer and two viewers (the same in each), who were thereby appointed and directed, immediately after qualifying, to survey and view the proposed improvements and report at the next session of the board; that the time for reporting was extended in each proceeding; that after one month, the engineer first appointed resigned as to relator's highway and another was substituted but the same viewers continued to serve in both matters; that on December 6, 1920, the viewers and the engineer first appointed filed a report that the highway improvement petitioned for by A. H. Mauntel *et al.* would be of public utility, that they had fixed the width and determined the character of the improvement, and had made plans and specifications for the same, and had made an estimate of the cost, all as set out in the report; that after ten days, they made a supplemental report that there were no damages, and after a hearing thereon at the May term, 1921, the board of commissioners found in favor of the petitioners upon all questions presented and "ordered that said highway as described in said report of the engineer and viewers be laid out, established, graded, drained, paved and constructed as the same are specified in said report," and that said road was part of the system of Free Rock Roads in said township which had been constructed by virtue of an election held in the township for that purpose, and was less than three miles in length; and it was ordered that no-

tice of the receipt of bids for the work of construction be given; that afterward, by agreement of the parties in both road proceedings, both were continued until April, 1922, at which time, an amended estimate of the cost in the A. H. Mauntel *et al.* highway was ordered, which amended estimate was filed in May, 1922, and showed the estimated cost to be $33,859.68, and after further continuances, the board, at its February term, 1923, ordered that bids be again advertised for in the A. H. Mauntel, *et al.* highway and a contract let for its construction, but that the matter of the road petitioned for by relator and others was continued from time to time until April, 1922, no evidence being introduced as to what action, if any, was taken in the meantime; and that on April 3, 1922, an entry was made that "the board after due consideration now disapproves and sets aside the report and estimate of costs of the viewers filed herein at the May term, 1921" (nothing whatever being shown by the evidence concerning this report and estimate or the filing thereof except said recital) ; and it was ordered that the petition be again referred to the engineer and viewers for a new report and estimate; and an entry was read in evidence stating that at the May term, 1922, the engineer and viewers presented a "second report of the plans, specifications and estimated cost of construction" of said road, and a supplemental report as to damages, previously filed, and the matter was again continued until the January, 1923, term; that by a *nunc pro tunc* entry made at a date not shown by the evidence, it is made to appear that at the June, 1922, term, said second report and estimate were presented, finding that the proposed improvement petitioned for by relator and others would be of public utility, and that it should be constructed according to certain plans and specifications, of certain materials, as set out, and that the estimated cost would be $24,-

743.42, and that nobody was entitled to any damages; that thereupon the board of commissioners entered an order adopting and confirming such report and estimate, and ordering "that said road be established, constructed, laid out, drained, graded and paved according to said report and the plans, specifications and profiles therein contained as spread upon the records as aforesaid," and further that the cause be taken under advisement and continued from term to term until the February, 1923, term of the board; that at said February, 1923, term, the relator and his fellow petitioners moved the board for an order to publish notices for proposals to construct their said road, but the board entered a finding that the cost (as re-estimated) of improving the road petitioned for by A. H. Mauntel *et al.* would be as stated, that the debt incurring power of the township was only $40,557, and that the estimated cost of relator's road was far in excess of the difference; and that the A. H. Mauntel *et al.* road was more necessary and important for use as a highway by the taxpayers of said township than relator's road; that thereupon the board overruled said motion and ordered the petition of relator and others "continued until there are funds sufficient to build said road," to which relator objected and excepted. And the parties have stipulated that when the said petitions were filed and ever since the amount of bonded debt which Cass township could lawfully incur was at no time sufficient to pay the cost of improving both highways.

Appellant, the plaintiff below, insists that under the facts stated it was the imperative duty of the board to advertise for bids and proceed to construct the

1, 2.   road for which he, with others, had petitioned; while counsel for appellees contend that the board properly ordered the A. H. Mauntel *et al.* road to be first built. Counsel for both parties are agreed that the

rights of all depend upon a proper construction of the first and third provisos of §2 of the act approved March 10, 1915, §8388 Burns 1926, §7719 Burns' Supp. 1921, Acts 1905 p. 644, which reads as follows: "That it shall be unlawful for any board of commissioners in the State of Indiana, to issue bonds, or any other evidence of indebtedness payable by taxation, for the construction of free gravel or macadamized roads under any law in force in this state, when the total issue for that purpose, including bonds already issued and to be issued, is in excess of four per centum of the total assessed valuation (after deducting all mortgage exemptions) of the property of the township or townships wherein such roads are located or to be located, and all bonds or obligations issued in violation of this act shall be void; *Provided*

(1) That all such bonds shall be issued in the order in which the judgments establishing the respective roads are rendered; *Provided further*

(2) That in determining the total issue of bonds as herein referred to the amount of tax collectible during the current year for the payment of road bonds then issued and outstanding and for which the tax levy has already been made shall be deducted from the aggregate total of such bonds, and the amount remaining shall be and constitute the total issue of such bonds as herein defined; *and Provided further*

(3) That no petition shall be filed when the cost of the road petitioned for would make the total bond issue exceed said four per centum, except those petitions which have heretofore been filed and publication thereof made."

If the first proviso stood alone, the direction to issue bonds "in the order in which the judgments establishing the respective roads are rendered" would give the decision to appellee, and require that the judgment in

this case be affirmed. But counsel for appellant point to certain language in the order of May 5, 1920, the date originally fixed by notice for the hearing on the petition, by which order, the board of commissioners appointed viewers and an engineer, purporting to order "that the highway (petitioned for by relator and others) shall be established and improved * * * without referring the question of building the same to the voters of the township." But under §8388 Burns 1926, §7719 Burns' Supp. 1921 (§2, Acts 1915 p. 644), it is only after the freeholders and voters of the township shall have been given an opportunity to remonstrate against the proposed improvement, and after the board shall have approved and adopted (with or without modification) a report by the viewers and engineer determining that the improvement will be of public utility, fixing the width of the highway and the character of the improvement, and providing plans and specifications for its construction (§8386 Burns 1926, §7717 Burns 1914, §68, Acts 1905 p. 552), that the court has power to render a judgment "establishing" the highway improvement. Therefore, we hold that the "judgment establishing" the road petitioned for by relator and others was the one rendered in June, 1922, when the report of the viewers and engineer was approved, as shown by the *nunc pro tunc* entry, which was more than a year after such a report in the matter of the highway petitioned for by A. H. Mauntel *et al.* had been approved and a like judgment rendered establishing that road.

Appellant further points to the provision "that no petition shall be filed when the cost of the road petitioned for would make the total bond issue exceed said four per centum," as contained in the third proviso of the section under consideration, which he would interpret as forbidding the petition of

A. H. Mauntel *et al.* to be filed, and therefore making it unlawful for the board of commissioners to establish the Mauntel road when another previously petitioned for would, if constructed and paid for by township bonds, reduce the power to issue bonds for such a purpose below what would be required to pay for it. It does not appear that any such objection was interposed to the rendition of the judgment establishing the Mauntel road. No appeal was taken or attempted to be perfected from that judgment. But the evidence does show that township roads had been built in Dubois county, shortly before the filing of these petitions, for $7,000 per mile; that both of these roads, petitioned for on the same day, were together not much more than five miles long; that the board had power to issue more than $40,000 of township bonds with which to build them; that an unofficial estimate of the cost was made showing that the bonds would be sufficient to build both roads, and the auditor and members of the board of commissioners all believed said amount would be sufficient to build them both; that the board of commissioners made a finding in each case, at the term at which the petitions were first presented, that there were sufficient available funds to construct each of said improvements, and that both proceedings were carried along together under orders agreed to by the attorneys for both sets of petitioners for nearly three years; that, after the petitions were filed, the cost of materials and freight and other road costs increased, and both matters were continued. And that nearly two years before this action was commenced, being more than a year before the rendition of a judgment establishing relator's road pursuant to the report of the viewers, and ordering it constructed, the judgment above referred to had been rendered establishing the Mauntel

road as reported by the viewers and engineer in that proceeding, and ordering that it be constructed and that notice be given that bids would be received; and that the viewers, many months before, pursuant to an order of the board, had reported a re-estimate of the cost of its construction as more than three-fourths of the amount for which bonds payable by the township could be issued.    The facts thus shown do not prove the board to have been without jurisdiction to render judgment in the Mauntel case, nor establish that the judgment rendered was void, so as to be subject to collateral attack by an action of mandamus to compel the board to act in disregard thereof.    If it had authority to issue bonds of the township in an amount sufficient to pay for both roads at the time the petitions were filed, the board would not lose jurisdiction merely because prices went up while the matters were pending.    And if the board, having jurisdiction, made an erroneous decision of a question that came before it, or was guilty of an irregularity not justified by the real facts, the remedy was by an appeal to the circuit court, where the facts might be ascertained and judgment entered accordingly. But mandamus will not lie to compel a court to act in disregard of a judgment rendered by it in a matter of which it had jurisdiction, merely because of errors that it may have committed.    An action of mandamus cannot be maintained for the purpose of correcting errors. *Gregg* v. *State, ex rel.* (1898), 151 Ind. 241, 242, 243, 51 N. E. 359.

Relator having mistaken his remedy, we do not find it necessary to consider and do not decide whether or not it would have been entitled to relief if an appeal had been duly taken at the proper time.

The judgment is affirmed.