HASTINGS *v*. BOARD OF COMMISSIONERS OF MONROE COUNTY.

[No. 25,502. Filed December 22, 1933.]

James B. *Wilson* and S. C. *Kivett*, for appellant.

*Miller & Blair, John F. Regester, Robert L. Mellen,* and *Donald E. Bowen*, for appellee.

MYERS, J.—O. B. Hall and others commenced this action by filing charges with the board of county commissioners of Monroe county for the removel of appellant as county highway superintendent. From a judgment of the board removing appellant as such superintendent, an appeal was perfected to the Monroe Circuit Court. In that court the board, on its own motion, was substituted as plaintiff. It then caused the venue to be changed to the Owen Circuit Court wherein it filed a written motion to dismiss the appeal, which motion the court sustained and judgment was accordingly entered. From that judgment appellant prosecuted this appeal, questioning the action of the court below by a proper assignment of error.

The General Assembly, in the year 1913 (ch. 330, Acts 1913, p. 877, §1 of which was amended in 1921, Acts 1921, p. 201; §8506, Burns 1926), created the office of county highway superintendent and defined his duties. By §8506, *supra,* the board of county commissioners of Monroe county was required, at its January session, 1922, "and every four years thereafter," to appoint a county highway superintendent whose statutory duties, in part, were to "properly oversee the maintenance of the road surface and road drainage of the county highways." His tenure of office was "four years and until his successor is appointed and qualified."

He "shall execute a bond, to be approved by the board of county commissioners, in the penal sum of five thousand dollars ($5,000), for the faithful performance of his duties." He "may be removed by the board of commissioners after a hearing for incompetency, malfeasance or neglect of duties."

Appellant, at the time the charges were filed against him, was the duly appointed, qualified, and acting county highway superintendent of Monroe county. As such superintendent he was charged by law, not by the board, with certain public duties involving the expenditure of county revenue. He was a public officer. *Cheney* v. *Unroe* (1906), 166 Ind. 550, 553, 77 N. E. 1041. Concisely stated, the record shows the filing of charges with the board, naming the three statutory grounds for removel, notice to appellant, appearance, denial of the charges, evidence heard, finding that the charges are true, followed by a formal judgment removing appellant as county highway superintendent. Appellant was thereby brought into a court of record *(State* v. *Conner* [1840], 5 Blackf. 325; *State ex rel. Wildman, Aud.* v. *Board of Comm'rs. of Vanderburgh Co.* [1875], 49 Ind. 457; *Brooks* v. *Morgan* [1905], 36 Ind. App. 672, 675, 76 N. E. 331) for the purpose of a trial to be conducted as nearly as possible in accordance "with the rules for conducting business in the circuit court." Sec. 5928, Burns 1926 (§5228, Baldwin's 1934), §5742, R. S. 1881. While §8506, *supra, is silent on the subject of appeal,* yet §5976, Burns 1926 (§5277, Baldwin's 1934), §5772, R. S. 1881, provides that "From *any* (our italics) decision of such commissioners there shall be allowed an appeal to the circuit court by any person aggrieved."

The foregoing several statutes are so related that they must be considered together and given the effect

they would have if they were incorporated in one general act. *Grusenmeyer* v. *City of Logansport* (1881), 76 Ind. 549. By thus considering the foregoing several sections and construing the words *"any decision"* as meaning any *judicial* decision, then the instant appeal presents the single question: Did the proceedings before the board of commissioners involve judicial action or the performance of merely a ministerial duty? If judicial, there was a right of appeal, unless that right is expressly or by necessary implication denied by the statute creating the duty. If the board was called on to exercise a ministerial duty only, then there would be no right of appeal unless expressly authorized by statute. *Grusenmeyer* v. *City of Logansport, supra; Board, etc.* v. *Conner* (1900), 155 Ind. 484, 493, 58 N. E. 828; *Ross* v. *Becker* (1907), 169 Ind. 166, 81 N. E. 478; *State ex rel* v. *Board, etc.* (1925), 196 Ind. 281, 290, 148 N. E. 198.

Preliminary to the decision of the question here presented, it should be kept in mind that a *board of county commissioners is a court;* that such boards belong to the judicial department of the state; that they, like courts of general jurisdiction, look to the general assembly alone for administrative or ministerial power. *Jay* v. *O'Donnell* (1912), 178 Ind. 282, 98 N. E. 349. In the case last cited the court referred to Art. 3, §1 of our state constitution dividing the powers of government into three departments, and in that connection also considered Art. 6, §10, and as to this section concluded that the only necessity for this provision was to give the General Assembly authority to confer on boards doing county business powers of a local administrative character. *State ex rel.* v. *Board, etc.* (1908), 170 Ind. 595, 618, 85 N. E. 513.

Since, under our constitution, boards of county commissioners are to be classified as courts and belong to

the judicial department, it must be conceded that the instant case was presented to and determined by a court, notwithstanding it has been legislatively authorized to perform certain ministerial duties. Whether the board in the instant case acted judicially or ministerially, *it nevertheless functioned as a court*. Without entering into an extended discussion of the powers and limitations of officers, boards, or commissions charged with administrative or ministerial duties alone, it is sufficient to say that it frequently occurs that preliminary to the discharge of a *required* official ministerial duty by such officers, boards, or commissions, certain preliminary facts must appear, but the ascertainment of such facts does not make the duty less imperative. However, if the duty imposed involves the exercise of a discretion, it is usually characterized by the expression *quasi judicial,* and is thus distinguished from a judge or *court* decision which is designated correctly as *judicial;* that is to say, an administrative or ministrative officer will not become a court because some act which he may be required to perform is to some extent judicial in its character, nor will a court, which is a tribunal having a substantive duty, be otherwise classified because it may be required to perform an administrative or ministrative duty.

Appointing a county highway superintendent is a ministerial act, for the reason that such act is in obedience to the mandate of legal authority. But the removal of such officer, according to the wording of the statute—"may be removed"—is left to the discretion of the board—a court—"after a hearing." The act of removal or the act refusing to remove such officer goes directly to his right to hold the office, and the adjudication of that right is in the nature of an impeachment proceeding. Appellant's appointment was not during the pleasure or will of the board, but for a

term which had not then expired. "The policy of our law is to fix the term, save upon hearing and for cause." *Wagner* v. *State ex rel.* (1909), 173 Ind. 603, 609, 91 N. E. 1. No principle is "better settled than that while the incumbent has no vested right of property, as against the state, in a public office, yet his right to it has always been recognized by the courts as a privilege entitled to the protection of the law, and that proceedings, in all cases where the amotion from office is for cause, upon notice and hearing, are adversary and judicial in their nature, and may be reviewed on *certiorari.*" *State ex rel. Hart* v. *Common Council* (1893), 53 Minn. 238, 242.

In *Hallgren* v. *Campbell* (1890), 82 Mich. 255, 262, it is said: "The Legislature may by express words confer upon the common council of a city the power to remove an officer without cause; but, in the absence of such power given in express words, the presumption must be that the Legislature intended that every officer appointed for a fixed period should be entitled to hold his office until the expiration of such period, unless removed therefrom for cause after a fair trial."

The case of *Hagerty* v. *Shedd* (1909), 75 N. H. 393, 74 Atl. 1055, was one involving the removal of a member of the board of public works of a city by the mayor and aldermen acting and making the order of removal pursuant to a statute which provided: "The mayor, with the advice and consent of the majority of the full board of aldermen, may remove any member appointed as aforesaid for cause." Laws 1901, ch. 283, sec. 2. At page 394 the court said: "If the word 'cause,' as here used, means legal cause and after notice and hearing, the statute confers judicial powers and means the same as though it read 'for cause, after notice and hearing.' *Gibbs* v. *Manchester* (1905), 73 N. H. 265, 267.'

The legislature, §5928, *supra,* within its province, has

furnished the procedure which, in this case, was followed by the board. Keeping in mind the controversy submitted to the board, a constitutional recognized court, with all of the machinery of a court of general jurisdiction at its command for a complete trial of the issues joined by the complaint or charges and the general denial, certainly to all intents and purposes makes a case calling for a judicial application of the law to a particular state of facts presented for the determination of the rights of appellant whether the proceedings be considered as affecting rights between parties or of one in court *ex parte*. *Flournoy et al.* v. *City of Jeffersonville* (1861), 17 Ind. 169, 173; *State ex rel. Reynolds* v. *Board of Commissioners* (1874), 45 Ind. 501, 505.

In this connection special attention should be given to the express words of that section of the statute authorizing an appeal from *"any decision"* of the board of county commissioners, and to the expression of this court that "The right of appeal is not limited to the decisions made by virtue of that act (meaning the act of which the section on appeal is a part), but is expressly extended to all decisions; and when, therefore, jurisdiction already existed, or a new power was conferred by a subsequent statute, unless in the act granting the power an appeal is denied, the decision is subject to review in a higher court." In the same opinion it is also said that "the language authorizing an appeal is comprehensive, and was undoubtedly intended to include all action of the commissioners not strictly within the limit of the local legislative power conferred by statute. For the purpose of authorizing an appeal, the word 'decisions' will be applied to every ruling, final in its nature, upon any subject upon which the board of county commissioners are not authorized to take legis-

lative action." *Hanna* v. *Board of Comm'rs* (1867), 29 Ind. 170, 172, 173. See also, *Grusenmeyer et al.* v. *City of Logansport, supra.*

Relevant to the right of appeal, in the case of *State ex rel. Adam et al.* v. *Martin, Auditor* (1926), 198 Ind. 516, 525, 154 N. E. 284, it is said: "The decision of the board of commissioners that the highway improvement had been completed according to the contract and should be accepted, and that the contractors should receive pay for its construction, was a judicial decision by a tribunal that had jurisdiction to make it."

In *Board of Comm'rs* v. *Johnson* (1890), 124 Ind. 145, 24 N. E. 148, the question was as to the right of appeal from the board declaring the office of county superintendent of schools vacant. In the course of the opinion, p. 148, it is said: "If such a board assumes to declare a legislative office vacant, it assumes to exercise judicial power, and in all cases where its decisions are judicial there is a right of appeal." It would seem that by analogy the principle applied in the Johnson case should be quite persuasive in a case, as here, where the object of the proceedings is the removal of a regularly appointed legislative officer during his term of office.

A careful reading of the precedents will disclose that the uncertainty in determining when appeals will and when they will not lie from the decision of boards of county commissioners results from a failure to differentiate between acts which call for judicial discretion and acts or duties enjoined upon them by law. If the final conclusion of a proceeding permits the board to exercise a discretion, it will be judicial, but when the final act or duty is imposed by law there is no discretion and the act or duty is ministerial.

Upon a consideration of the debated question in the instant case, we hold that the decision of the board,

under the circumstances disclosed by the record ■ at bar, was a judicial one and the right of appeal exists.

The judgment of the court below in dismissing the appeal is reversed.

Roll, C. J., and Treanor, J., dissent with opinion.

## DISSENTING OPINION.

ROLL, C. J. and TREANOR, J.—We cannot concur in the reasoning and result of the majority opinion. We disagree with the fundamental assumption that the board of county commissioners is a court in the ordinary acceptation of that term. The board of commissioners is not made a part of our judicial system by the Constitution and can be a part only in case the General Assembly has so declared under its power conferred by §1, Art. VII.[1] No act of the General Assembly has ever declared the board of county commissioners to be a court. The Constitution does not authorize the creation of a board of county commissioners as such but does provide that "the general assembly may confer upon the boards doing county business in the several counties powers of a local, administrative character. (§10, Art. VI). It is clear that the Constitution does not expressly or inferentially confer or require the conferring of any judicial power on the board of county commissioners and only contemplates county boards "doing county business" which will have "powers of a local administrative character." Since the General Assembly has not declared boards of county commissioners to be "courts" nor purported to confer general judicial powers upon them, it follows that they are in law merely a board of business managers of the county with such administrative powers

Note 1. "The judicial power of the state shall be vested in a Supreme Court, in circuit courts, and in such other courts as the general assembly may establish." Indiana Constitution, Art. VII, §1.

and duties as have been conferred upon them and generally, as a "body corporate and politic," with the "duties, rights and powers incident to corporations" and not inconsistent with other statutory provisions.[2]

Consequently we do not accept as sound any inferences which rest upon the assumption that the board of county commissioners is a court with certain administrative powers. We believe it is primarily an administrative board with power to act judicially in special instances.

It is provided in §1 of ch. 95, p. 201 of the Acts of 1921, amending §1 of ch. 330, p. 877 of the Acts of 1913 (§8506, Burns Ann. Ind. St. 1926), that "the county highway superintendent may be removed by the board of commissioners, after a hearing for incompetency, malfeasance, or neglect of duties, but such board of commissioners shall not interfere with the county highway superintendent in his duties of hiring or discharging employees"; and in §31, 1 R. S. 1852, p. 224, §5976, Burns 1926 (§5277, Baldwin's 1934), it is provided that "from any decision of such commissioners there shall be allowed an appeal to the circuit court by any person aggrieved." In construing the latter section, this court has held that "any decision" must be construed to mean *any judicial* decision. Consequently, if the decision of the board is judicial in its character an appeal lies therefrom unless the right of appeal is denied expressly or by necessary implication by the statute which governs the proceeding under which the decision is made. It has also been held that if the decision is made in the exercise of merely administra-

*Note 2.* "Such commissioners shall be considered a body corporate and politic by the name and style of 'The board of commissioners of the county of ———'; and as such, and in such name, may prosecute and defend suits, and have all other duties, rights and powers incident to corporations, not inconsistent with the provisions of this act." §5918, Burns Ann. Ind. St. 1926 (§5220, Baldwin's Ind. Ann. Stat. 1934), 1 R. S. 1852, p. 224, §5.

tive, ministerial, or discretionary powers no appeal lies therefrom unless there is express statutory authority for an appeal from such decision. *Ross* v. *Becker* (1907), 169 Ind. 166, 81 N. E. 478; *Board of Commissioners of Monroe County* v. *Conner* (1900), 155 Ind. 484, 493, 58 N. E. 828; *Board of Commissioners of Vigo County* v. *Davis* (1894), 136 Ind. 503, 36 N. E. 141; *Potts* v. *Bennett* (1895), 140 Ind. 71, 39 N. E. 518; *Cushman* v. *Hussey* (1918), 187 Ind. 228, 118 N. E. 816; *Grusenmeyer* v. *City of Logansport* (1882), 76 Ind. 549, 557.

Therefore it is necessary to determine whether the decision to remove the county highway superintendent is a judicial decision or is a decision of a merely administrative, ministerial, or discretionary nature.

The board of county commissioners is recognized as possessing judicial powers in connection with certain matters involving the interests of the county and in that respect as being a court of inferior or limited jurisdiction. *State ex rel. Hord, Attorney Gen.* v. *Board of Commissioners of Washington County* (1885), 101 Ind. 69. But as indicated above the Constitution refers to its powers as being "of a local administrative character." The power of appointment and removal of the county highway superintendent is merely incidental to the discharge of the duties imposed upon the board of commissioners in its corporate capacity in connection with the highways of the county. It is the duty of the county commissioners to employ a highway superintendent and, in a general way at least, to supervise his work. The statute (§8506, Burns 1926, *supra*), prescribes a long list of duties of the county highway superintendent and the commissioners are under a duty to see that he properly performs his duties. To make effective the control of the commissioners over the activities of the superintendent they have the power of removal. It is

true that this power can only be exercised upon the existence of certain facts; and before the commissioners can legally remove the superintendent they must find that he is incompetent, negligent, or malfeasant. In determining the existence of these facts the board of commissioners no doubt proceeds much as a court proceeds in determining facts; but this of itself does not make their action judicial. In the case of *State ex rel.* v. *Webster* (1898), 150 Ind. 607, 50 N. E. 750, this court made the following statement while considering the nature of the action of the State Board of Medical Registration and Examination in passing upon applications for licenses to practice medicine:

> "While in some respects quasi-judicial, the action of the board is not judicial, any more than is the action of a county surveyor in fixing a boundary line, or of a county superintendent in giving or refusing a teacher's certificate, or the action of numberless other officers or boards in making investigations and decisions in matters committed to them." See also *Spurgeon* v. *Rhodes* (1906), 167 Ind. 1, 78 N. E. 228.

When an act is required of the county commissioners as an administrative board, such act is not judicial even though its performance may require the exercise of judgment and discretion. This was pointed out by this court in *Board of Commissioners of Huntington County* v. *Heaston* (1896), 144 Ind. 583, 41 N. E. 457, in the following statement:

> "We are of the opinion, and are constrained to hold, that when the board examined into and allowed the claims presented to them by appellee, it stood in the eye of the law as the representative of its county, and thereby acted in its administrative capacity, and not in the character of a court; that while its order so made might be termed *quasi-judicial,* yet it did not attain to the rank of a judi-

cial determination or judgment so as to bring it under the protection of the rule of *res adjudicata*.[3]

The majority opinion cites the case of *The Board of Commissioners of Knox County* v. *Johnson* (1890), 124 Ind. 145, 24 N. E. 148, as authority for the conclusion that the board of county commissioners acts judicially when declaring the existence of a vacancy in an office. As we understand the opinion in that case, it draws a distinction between a situation in which the county commissioners are removing an officer who has not been elected or appointed to his office by the board of county commissioners and one in which he has been so elected

*Note 3.* "Administrative and executive officers are frequently called upon, in the performance of their duties, to exercise judgment and discretion, to investigate, deliberate, and decide, and yet it has been held that in so doing they do not exercise judicial power within the meaning of the constitutional provision. *State* v. *Illinois Central Railroad Co.*, 246 Ill. 188, see page 231, 92 N. E. 814. An administrative agency empowered to issue and revoke licenses to engage in certain businesses or professions must necessarily exercise quasi judicial powers in determining whether a license shall be issued or revoked, but this exercise of quasi judicial power is only incidental to the duty of administering the law relating to the regulation of a particular business or calling, and in so doing it is not exercising judicial power within the meaning of the constitutional provision. *People* v. *Apfelbaum*, 251 Ill. 18, 95 N. E. 995; *Klafter* v. *State Board of Examiners*, 259 Ill. 15, 102 N. E. 193, 46 L. R. A. (N. S.) 532, Ann. Cas. 1914B 1221; *People* v. *Brady*, 268 Ill. 192, 108 N. E. 1009; *People* v. *Stokes*, 281 Ill. 159, 118 N. E. 87. The power of revocation conferred upon the auditor of public accounts is not an arbitrary one, as it can only be exercised for certain causes specified in the act. The character of the records to be kept and the kind of receipts to be given are described in the act, and it requires the exercise of no judicial function to determine whether or not there has been a compliance with these requirements. . . . If the auditor should act arbitrarily or without authority of law in denying a license or revoking the same, mandamus will lie to compel the issuance of the license or its restoration." *Italia America Shipping Corporation* v. *Nelson* (1926), 323 Ill. 427, 154 N. E. 198.

"The authority to ascertain facts and apply the law to the facts when ascertained often devolves upon other departments of government than the judiciary. Judgment and discretion are required often of every public official. It would be difficult to draw the precise line separating the judicial from other departments of government. . . . Judicial power does not apply to cases where judgment is exercised as incident to the execution of ministerial power. *Owners of Lands* v. *People*, 113 Ill. 296." *Klafter* v. *State Board of Examiners of Architects*, *supra*.

or appointed. The following excerpt from that case makes clear the thought of the court in that matter:

"It is to be remembered that the board of commissioners has no power to elect a county superintendent, nor any general power to appoint, so that the question is very different from one arising in a case where the removal is made by the appointing power. The power to oust an officer rightfully in office is essentially a judicial one, except where it is exercised by the appointing power." *Board, etc.* v. *Johnson, supra,* p. 152.

Another objection to holding that the board of county commissioners acts judicially in discharging a county highway superintendent is that under the statute the board of county commissioners would be both party litigant and judge. If the majority opinion is correct in holding that the present proceeding is judicial and adversary we have the anomalous situation of the member of a court being also one of the adversary parties and at the same time sitting as judge in the case. This is inconsistent with our conception of a court of justice, which in its very nature requires the judge in an adversary proceeding to be disinterested and impartial. While no doubt in many instances charges are filed against county highway superintendents by persons other than members of the board of commissioners, yet the statute does not provide for any such procedure and contemplates that the initiative will be taken by the board of commissioners. We think that the procedure contemplated is substantially the same as that which is followed in the case of the dismissal of a policeman or fireman by a board of public safety or in proceedings by a school board or township trustee to cancel a teacher's contract. We think it is well understood that these latter proceedings are not judicial and that the remedy of one who has been dismissed in violation of the statutory requirements is an action of mandate. And in

the case of a dismissal of a county highway superintendent an action of mandate would lie if the board of county commissioners should dismiss without a hearing or without the existence of statutory cause.

We conclude that the decision of the board of commissioners to remove the county highway superintendent was not a judicial decision but was an administrative act of the board as a "body corporate" while performing its duties incidental to the management of the highway business of the county.